7338

GUNTER v. GAYDEN.

1. MUNICIPAL ELECTIONS—REGISTRATION.—The votes of all municipal electors registered on the county precinct registration books within thirty days before any municipal election are illegal.

2. IBID.—TAXES.—At a municipal election the failure of managers to require of voters proof of the payment of all taxes collectible during the previous year renders the election void.

Petition in the original jurisdiction of this Court by J. L. Gunter *et al.* against J. A. Gayden *et al.* for writ of *certiorari.*

*Messrs. Thomas & Thomas* and *D. W. Robinson,* for petitioners.

*Mr. W. W. Hawes,* contra.

October 23, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This was a petition in the original jurisdiction of this Court for a writ of *certiorari* to

review the decision of the intendant and wardens of the town of Brookland as to the validity of an election, held on the 14th August, 1908, on the question of extending the corporate limits of the town.

It appears from the agreed statement of facts, upon which the case was submitted, that in said election 83 votes were cast by the electors residing within the corporate limits of the town—70 in favor of and 13 against the proposed extension; and that 86 votes were cast by electors residing in the territory proposed to be annexed—63 in favor of annexation and 23 against it; that 125 of those who voted in the election were registered by the board of registration for Lexington county within thirty days of the election; that four of them were registered within ten days of the election; and that twelve of them were not registered at all during the year 1908, prior to the election; that the managers of the election within the corporate limits of the town did not require any of the voters to produce proof of the payment of taxes during the previous year.

The election was contested on various grounds, but the contest was overruled, and the result declared to be in favor of the proposed extension of the corporate limits.

The statute (sec. 1997, vol. I, Code 1902) provides that the corporate limits of any town may be extended by a majority vote of the qualified electors residing therein, and of the territory proposed to be annexed, in an election held upon the petition of a majority of the freeholders of the territory proposed to be annexed.

Section 11 of article II of the Constitution provides: "The registration books shall close at least thirty days before an election, during which time transfers and registration shall not be legal." There is a *proviso,* which does not affect the questions under consideration.

It is contended by the respondents that the above quoted provision of the Constitution was not intended to apply to municipal and special elections, but only to general elections.

The language used certainly does not warrant such a construction. It is broad enough to cover all elections, and we see no more reason why it should be applied to one class of elections than to another.

The language of the following section of the Constitution (Sec. 12) seems to indicate an intention that the provision should apply to municipal elections. It says: "Electors in municipal elections shall possess the qualifications and be subject to the disqualifications herein prescribed. The production of a certificate of registration from the registration officers of the county, as an elector at a precinct included in the incorporated city or town in which the voter desires to vote, is declared a condition prerequisite to his obtaining a certificate of registration for municipal elections," etc.

The Constitution plainly says that municipal electors are subject to the same disqualifications as other electors. And it as plainly says that transfers and registration during the period of thirty days immediately preceding an election shall not be legal. It is argued that such a construction of the Constitution might result in having to close the registration books for an indefinite time, if it should happen that a considerable number of municipal and special elections should be held consecutively within thirty days of each other. Such a consequence is by no means necessary. The books must be closed thirty days before each election, only as to that election. For any other election, or for the general registration of the electors of the State, they may be kept open during that period of time and certificates and transfers issued. This construction harmonizes the various provisions of the Constitution and statutes on the subject. These provisions of the Constitution are mandatory, and it follows that the votes of all those who were registered within thirty days of the election were illegal.

The Constitution is equally plain in its requirement of proof of payment of taxes. It says [art. II, sec. 4, subd. (e)]: "Managers of election shall require of every elector

offering to vote at any election, before allowing him to vote, proof of the payment of all taxes, including poll tax, assessed against him and collectible during the previous year," etc. This provision is likewise mandatory, and it was held in *Wright* v. *Board of Canvassers,* 76 S. C., 574, 37 S. E., 536, that the failure of the managers to comply with it rendered the election void. When it appears that enough illegal votes were cast in any election to change the result, the election must be declared void.

It is, therefore, ordered and adjudged that the election, held on August 14, 1908, by order of the town council of the town of Brookland, on the question of extending the corporate limits of said town, as shown in the petition herein, was void, and that the respondents be, and are hereby, perpetually enjoined from taking any further steps under or by virtue thereof.