8093

### FOWLER v. TOWN COUNCIL OF FOUNTAIN INN.

1. CITIES AND TOWNS—LIGHTING CONTRACTS.—Under sections 1999 and 2021 of Code of 1902 a town may submit to the qualified electors on a proper petition the question of making a contract with another to light the town for a number of years.

2. CONSTITUTIONAL LAW.—25 STAT. 1026 providing for opening municipal books of registration twenty days before and keeping them open for ten days does not violate section 11 of article II of the Constitution providing that State books of registration shall not be open for 30 days before any election.

Petition in the original jurisdiction of this Court by J. W. Fowler for injunction against the Town Council of the Town of Fountain Inn and Enoree Power Company to restrain them from entering into a contract to light the town.

*Messrs. Bomar & Osborne,* for petitioner, cite: *Proposed contract is a bonded indebtedness:* 60 S. C. 532. *Registration provisions apply to municipal elections:* 84 S. C. 48. *And act of 1908, 1027, is unconstitutional.*

*Messrs. Simpson, Cooper & Rabb,* contra, cite: *The proposed contract can be made on authority from the voters:* 60 S. C. 532; Dillon, par. 1302.

February 7, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The petitioner, who is a citizen and taxpayer of the town of Fountain Inn, seeks to enjoin the town council of said town from making a contract with the Enoree Power Company to light the streets and public places and public buildings of said town for a period of ten years.

It may be conceded that the proposed contract is of the nature of a bond debt (*Duncan* v. *Charleston,* 60 S. C. 532,

39 S. E. 265), which cannot be created without the sanction of a majority of the qualified electors of the town. Constitution, art. VIII, sec. 7.

It appears from the record that, on September 1, 1911, a special election was held in said town, in which the question of making said contract was submitted to the qualified electors thereof, and the majority of them voted in favor of making the contract.

It also appears that the election was duly and regularly ordered, but the petitioner questions the legality of it on two grounds. First, he contends that the town council had no authority from the legislature to order such an election, and that, without such authority, it was void.

Section 1999 of the Code (vol. I, Code 1902) confers upon the councils of all cities and towns in the State "power and authority to make, ordain and establish all such rules, by-laws, regulations and ordinances respecting the roads, streets, market, police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the security, welfare and convenience of such cities and towns, or for preserving health, peace, order and good government within the same." Certainly the language quoted is broad enough to include the power to take every step necessary and proper to make provision for the lighting of the streets, public places and public buildings of the town; and, therefore, upon the filing of a petition signed by a majority of the freeholders of the town, as required by the Constitution and statutes, the town council had authority to order the election.

Moreover, as the making of the contract is the creation of a bond debt, section 2021 of the Code (vol. I, Code 1902) also seems to us to be applicable and to confer the necessary authority. That section, as amended by the act of 1908 (25 Stat. 1038), makes it the duty of the authorities of any city or town, upon the petition of a majority of

the freeholders thereof, to order a special election "for the purpose of issuing bonds" for various purposes enumerated, concluding with the words "or any corporate purpose set forth in said petition." It cannot be denied that the contract in question is for a corporate purpose which was set forth in the petition.

The second ground upon which the validity of the election is contested is because the registration books of the town were opened twenty days before the election and kept open ten days for the purpose of registering the qualified electors of the town, and because the voters who were registered within that time voted in the election. This was done in pursuance of section 195 of the Code (vol. I, Code 1902) as amended by the act of 1908. 25 Stat. 1026. The petitioner contends that this statute violates section 2 of article II of the Constitution, which provides: "The registration books shall close at least thirty days before an election, during which time transfers and registration shall not be legal." It clearly appears from the context, that is from the preceding and following sections, that the registration books mentioned in section 2 are the county registration books, in which electors in State and county elections are registered, for the very next section (sec. 12) deals specifically with the registration of electors in municipal elections and provides: "Electors in municipal elections shall possess the qualifications and be subject to the disqualifications herein prescribed. The production of a certificate of registration from the registration officers of the county as an elector at a precinct included in the incorporated city or town in which the voters desire to vote is declared a condition prerequisite to his obtaining a certificate of registration for municipal elections," etc. The case of *Gunter* v. *Gaydon,* 84 S. C. 48, 65 S. E. 948, cited by counsel for petitioner is authority for the position that the registration books of the county must be closed, as to any city or town election, thirty days before such election, but

there is nothing in the opinion in that case which sustains the contention that the provision of the Constitution above quoted from section 2 requires the registration books of a city or town to be closed thirty days before an election. There being no provision in the Constitution as to when such books shall be closed, the legislature may fix any time within its discretion.

The petition is, therefore, dismissed.

MESSRS. CHIEF JUSTICE GARY *and* JUSTICE WOODS *took part in this hearing and concur.*