HUNTER v. TOWN OF WEST GREENVILLE *ET AL.*

(144 S. E., 62)

1. ELECTIONS—FAILURE OF MUNICIPAL REGISTRAR TO REQUIRE PRODUCTION OF COUNTY REGISTRATION CERTIFICATE DID NOT DISQUALIFY REGISTRANT FROM VOTING IN MUNICIPAL ELECTION.—Failure of municipal registrar to require person presenting himself for registration to produce county registration certificate· as prerequisite to issuing municipal registration certificate *held* not to disqualify such person to vote in municipal election, since failure of municipal registrar to require production ·of certificates is not the fault of honest and otherwise qualified electors applying for municipal registration certificate.

2. ELECTIONS—MUNICIPAL REGISTRATION CERTIFICATE IS NOT INVALID BECAUSE ISSUED BY MUNICIPAL REGISTRAR, WHO WAS NOT QUALIFIED VOTER.—Municipal registration certificate issued to qualified voter is not invalid, because issued by municipal registrar, who himself was not a qualified voter, since, in absence of fraud, denial to voters of constitutional rights of suffrage on account of such irregularity would be unreasonable and unjust.

3. ELECTIONS—VOTE CAST IN MUNICIPAL ELECTION BY QUALIFIED VOTER HELD NOT ILLEGAL BECAUSE COUNTY REGISTRATION ·CERTIFICATE

DESIGNATED HIS VOTING PLACE AS OUTSIDE MUNICIPALITY (CONST., ART. 2, § 12; CODE CIV. PROC. 1922, § 225).—Vote cast in municipal election by qualified voter *held* not illegal, because county registration certificate designates his voting place outside of said municipality, but within same voting precinct; Const., Art. 2 § 12, and Code Civ. Proc. 1922, § 225, requiring only that residents of incorporated town in order to obtain municipal registration certificate must have a county registration certificate for county, township or precinct in which such town is located.

Before BONHAM, J., Greenville, December, 1927. Affirmed.

Action by S. W. Hunter, on behalf of himself and other taxpayers, against the Town of West Greenville and the Town Council of West Greenville. Judgment of dismissal, and plaintiff appeals.

The pleadings, agreed statements of facts, and order of Judge Bowman directed to be reported are as follows:

### COMPLAINT

(1) That the special election for water bonds held in and for the Town of West Greenville, on October 4, 1927, was illegal, fraudulent, and did not constitute a free expression of the will of a majority of the qualified voters in said election, is null and void, and should be so decreed, for the reason:

(a) That the municipal registration certificate held by every voter in said election was illegal, being issued without the municipal registrar requiring the production of a certificate of registration from the registration officers of the County as an elector at a precinct including in the Town of West Greenville, in which the voter desired to vote, as a condition prerequisite to said voters obtaining a municipal registration certificate.

(b) That ten persons, including M. C. Green, the registrar, voting in said election in favor of issuing bonds, obtained their county registration certificates qualifying them as electors on October 3, 1927, one day prior to the election.

(c) That M. C. Green, the municipal registrar, and who registered all voters in the election, was not a qualified elector himself, as required by law.

(d) That eight of the voters in said election, viz., W. H. Cassell, T. M. Locke, Mrs. Ora Locke, Steve Knight, Dewey Coggins, Mrs. Lizzie Fisher, N. H. Knight, and J. H. Granger, voting in favor of the issuing of bonds, were not qualified electors, at a voting place within the Town of West Greenville, the county registration certificate used by each of them designating as their voting place voting places other than within the Town of West Greenville.

(2) That this action is brought on behalf of the plaintiff and other taxpayers of the Town of West Greenville, who have no adequate remedy at law.

Prayer, that the election be set aside, decreed null and void, and for a permanent injunction restraining and enjoining the Town of West Greenville, and the town council thereof, from selling or issuing bonds under the said election.

## Answer

The defendants above named, for a return to the rule to show cause, and for an answer to the complaint herein, allege:

(1) That they admit the allegations contained in Paragraphs 1, 2, 3 and 5 of the complaint.

(2) That upon information and belief they deny each and every other allegation in the said complaint contained.

(3) Defendants are informed and believed that, if any irregularities occur in the registration of voters for said election, said irregularities in no way affected the result of the election, and, if any such irregularities occurred, they were wholly cured by the fact that the managers of the election required each person presenting himself to vote at said election to produce his county registration certificate, and that no one was allowed to vote in said election who did not produce his county registration certificate, his municipal

registration certificate, and tax receipts showing the payment of state and county tax and municipal tax as required by law.

(4) That as defendants are informed and believe if any irregularity occurred either in the registration or in the conduct of the said election that they were mere irregularities and in no way affected the result of the election, which, as shown by the result, expressed the will of the qualified voters in said town who voted at said election and expressed their approval of the issuance of the bonds referred to in the complaint, and that the issuance of said bonds would be for the best interest of the inhabitants of said town.

Wherefore, having fully answered, these defendants pray that the temporary restraining order heretofore issued may be dissolved and that the complaint herein be dismissed, with costs.

### AGREED STATEMENT OF FACTS

It is agreed by the parties to this action to submit the issues involved to the Court on the following statement of facts, which may be offered in evidence by either of the parties hereto:

(1) That M. C. Green, municipal registrar for the general election in the Town of West Greenville for the year 1926, the last year in which a general election was held, and for the special election October 4, 1927, required some of the people presenting themselves as electors for municipal registration certificates to produce their county registration certificate as a prerequisite to the issuing of a municipal registration certificate, and others he did not require to produce a county registration certificate; that it would be impossible to separate those required to produce from those who were not.

(2) That M. C. Green and five other voters in said election, and voting in favor of the issuance of bonds, voted on registration certificates issued by the County Board of

Registration on October 3, 1927, one day prior to the election.

(3) That 60 votes were polled in said election, 35 in favor of bonds, and 25 against bonds.

(4) That all voters in said election had paid their taxes as required by law, and were required by the managers of the election to produce county registration certificate, municipal registration certificate, and offer evidence of the payment of taxes.

(5) That some of the county registration certificates presented by voters to the managers of the election designated voting places other than within the Town of West Greenville, and some were not issued 30 days prior to the date of the election.

(6) That W. H. Cassell, T. M. Locke, Mrs. Ora Locke, Steve Knight, Dewey (G. D.) Coggins, Mrs. Lizzie Fisher, N. H. Knight, and J. H. Granger, all of whom voted in said election in favor of bonds, were duly registered voters by the Greenville County Registration Board for Greenville Township, but whose registration certificates designated polling places other than a polling place within the Town of West Greenville.

The matter came before his Honor, M. L. Bonham, Circuit Judge, by consent, at chambers, Anderson, S. C., on December 1, 1927. On December 5, 1927, Judge Bonham filed an order therein, the essential parts of which are as follows:

ORDER

The case was heard by me by agreement of counsel upon the complaint, answer, and stipulation filed by counsel, and was fully argued before me.

The plaintiff contended that the election upon the question of the issue of bonds was void upon four grounds:

(1) That the municipal registrar did not require persons presenting themselves for registration to produce as a pre-

requisite of the issuance of the municipal registration certificate a county registration certificate.

(2) That the municipal registrar was not a qualified elector.

(3) That six persons who voted in favor of the issuance of bonds voted on county registration certificates issued on October 3, 1927.

(4) That eight persons voting in said election were voters duly registered by the County Board of Registration for Greenville Township precinct, but had polling places other than the polling place in the Town of West Greenville.

It appears from the stipulation that in the election 60 votes were cast, 35 being for the issue of bonds and 25 against the issue, leaving a majority of 10 votes in favor of the issue of bonds. It also appears from the stipulation that the managers of election required all voters in said election for water bonds to produce a county registration certificate, a municipal registration certificate, and tax receipt showing payment of state, county, and municipal taxes for the previous year.

As to the first and second objections made by plaintiff, they are overruled under the authority of the case of *Rawl v. McCown,* 97 S. C., 1; the decision in that case applying with full force to the facts of this case so far as the registration of voters is concerned.

As to the second position taken by plaintiff, I hold those persons voting upon the county registration certificates issued on October 3, 1927, were not qualified voters. This would result in reducing the votes for the issue of bonds from 35 to 29, and would leave a majority of 4 votes in favor of bonds.

The fourth position taken by plaintiff has given me some difficulty; but the Court has held in *Rawl v. McCown, supra,* that "every reasonable presumption will be indulged to sustain an election." I think that the persons named in this ground were duly qualified to vote in this election. Al-

though the stipulation admits that the registration certificates of these parties named designated the voting place as other than West Greenville voting place, yet it appears that all these parties were residents of West Greenville and that the voting places named in their registration certificates and West Greenville are in the same polling precinct. Under my construction of the law. as declared in *Watson v. Spartanburg County Board of Education*, 141 S. C., 347, I think this is sufficient compliance with the law, and that these parties were entitled to vote in the election.

The election declared valid, the complaint dismissed with costs, and the temporary restraining order be dissolved.

*Mr. R. N. Ward,* for appellant, cites: *Registration essential to qualification as an elector:* Ar. 2, Sec. 8, Const.; Secs. 202, 204; 208, 213, Code. *Applicable to municipal elections:* 84 S. C., 48. *Electors must qualify before board:* Ar. 2, Sec. 12, Const.; Secs. 210, 225, Code. *Registration certificate must be produced at polls:* Sec. 241, Code; 86 S. C., 451; 76 S. C., 574; 97 S. C., 1; 78 S. C., 461; Ar. 2, Sec. 12, Const.; Secs. 225, 228, Code. *Same mandatory and cannot be waived:* 84 S. C., 48. *Cases distinguished:* 97 S. C., 1; 86 S. C., 461. *Polls here could not have been purged of the illegal votes, election void:* 107 S. C., 209. *Electors registered by a registrar who himself was not a qualified elector, void:* Sec. 223, Code. *Must vote at voting place designated by Board of Registration in voter's certificate:* 141 S. C., 347.

*Messrs. W. B. Bryson* and *Blythe & Bonham,* for respondents, cite: *Failure of registrar to require production of county registration certificate before issuing municipal registration certificate did not invalidate election:* 97 S. C., 1. *That registrar was not himself a qualified elector did not invalidate election:* 97 S. C., 1. *Voters living and registered in a "voting precinct" are not disqualified because registration certificate does not show same "voting place" as one where election was held:* 141 S. C., 347.

July 12, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action brought by the plaintiff on behalf of himself and other taxpayers to contest the validity of a special election held in the Town of West Greenville on October 4, 1927, on the question of issuing bonds in the sum of $65,000 for the purpose of constructing a waterworks system. The action was commenced on October 17, 1927, and a preliminary restraining order was granted by Mr. Justice Cothran. The cause came on for a hearing before his Honor, M. L. Bonham, Circuit Judge, by consent, at chambers, Anderson, S. C., on December 1, 1927, on the pleadings and an agreed statement of facts, which will be reported.

Judge Bonham declared the election valid, dissolved the restraining order, and dismissed the complaint. His order, which ably disposed of all the questions raised before him, will be reported. From that order, plaintiff appeals to this Court upon several exceptions, unnecessary to be stated fully, but all of which will be considered. The questions presented for our determination are substantially these:

(1) Does the failure of a municipal registrar to require a person presenting himself for registration to produce a county registration certificate as a prerequisite to issuing municipal registration certificate disqualify such person to vote in a municipal election?

(2) Is a municipal registration certificate, issued by a municipal registrar, who is not himself a qualified voter, invalid?

(3) Is the vote cast in a municipal election by a duly qualified voter of said municipality, whose county registration certificate designates as his voting place a voting place outside of said municipality, but within the same voting precinct in which such municipality is located, illegal?

We proceed to · examine these questions in the order named.

1. In *Rawl v. McCown,* 97 S. C., 1; 81 S. E., 959, in considering the contention of appellants that the entire registration of the electors in Lexington County was invalid, because the registration officers failed to apply the tests of qualification prescribed by the Constitution and statutes for those applying for registration or to administer the prescribed oaths to them, Mr. Justice Hydrick, speaking for this Court, said:

"These provisions of the law are directed to the officers who are intrusted with its administration, and not to those who apply for registration, unless they are guilty of a fraudulent participation in violating them. It would be unreasonable and unjust to deny to honest electors, who complied with the law, and those who were ready and willing to comply with it, their constitutional right of suffrage on account of the fraud, caprice, ignorance or neglect of duty of the registration officers.

"Moreover, by the Constitution and statutes· of this State, registration is made conclusive evidence of an elector's qualification therefor at the time it was granted, unless it is annulled in the manner prescribed by law. The Constitution, Subd. (c) of Section 4, Art. 2, provides that all persons registered before January 1, 1898, shall remain qualified electors during life, unless disqualified by the other provisions of that article. Section 5 of the same article provides that any person denied registration may appeal to the Courts to determine his right to vote, and that the Legislature shall provide for the correction of illegal and fraudulent registration. Section 8 of the same article provides that the registration books shall be public records, open to the inspection of any citizen at all times; and Section · 11 provides that they shall be closed at least 30 days before an election, during which time transfers and registration shall not be legal. The Act of 1898 (Section 206, Vol. 1, Code,

1912) provided that, up to and including January 1, 1898, the boards of registration should judge of the qualifications of all applicants for registration; that any person denied registration might appeal to the Court of Common Pleas, and that the applicant or any qualified elector of the County might appeal from the decision of the Court of Common Pleas to the Supreme Court. * * * These provisions of the law make manifest the intention that registration by the proper officers is conclusive evidence of the qualifications of the elector therefor, until reversed or set aside in the manner prescribed, for which amply time and opportunity is allowed. This does not mean that registration alone, or the possession of a registration certificate, entitles the holder thereof to vote. A registered elector may be denied the right to vote on numerous grounds, as, for example, if he was registered within 30 days of the election (*Gunter v. Gayden,* 84 S. C., 48; 65 S. E., 948), or if, since his registration, he has removed his residence from the County, or his precinct, or has been convicted of a disqualifying offense, and for other causes. It means only that registration concludes collateral inquiry into the qualification of the elector therefor at the time it was granted. His vote may, however, be challenged at the polls, or on contest of the election, for any other cause which makes it an illegal vote."

We think the reasoning of the Court in *Rawl v. McCown, supra,* is equally applicable to the question here presented. It appears that all those who voted in favor of the bond issue, except six, held county registration certificates issued more than 30 days prior to the election and had the required tax receipts. The failure to produce said certificates and tax receipts at the time of securing municipal registration certificates was merely an irregularity. It was the duty of the municipal registrar of the Town of West Greenville to require that these certificates and tax receipts be produced before issuing the municipal registration certificates. If he failed to do so, it was not the fault of the honest and other-

wise qualified electors who applied for municipal registration certificates.   To hold that a registration certificate issued by a municipal registrar is invalid because the officer, whose duty it is to issue such certificate, failed to observe the provisions of the law prescribing his duty, would be to place it within the power of such officer to invalidate all, or any, of such certificates by him issued by failing (intentionally or otherwise) to observe the provisions of law prescribing his duty.

2. The residents of the Town of West Greenville, and otherwise duly qualified electors, had a right to presume that the person occupying the office as municipal registrar of said Town was himself a qualified elector. It was not their duty to ascertain whether or not he was in point of fact a qualified elector.   In the absence of any allegation or evidence of fraud in the issuing of the municipal registration certificates by such person, it would be unreasonable and unjust to deny such voters their constitutional rights of suffrage on account of this irregularity.

3. It is contended by appellant that the votes of these persons who reside in West Greenville, but whose county registration certificates designate voting places outside of said town must be thrown out; that not to do so would mean that any person registered in Greenville Township or precinct, regardless of the voting place in such township or precinct designated by the County Board of Registration as his voting place, could vote at any one of the 19 voting places in the township.   We fail to see the force of such contention.   In *Watson v. Spartanburg County Board of Education,* 141 S. C., 347; 139 S. E., 775, Mr. Justice Stabler, speaking for the Court, said:

"As to what constitutes 'polling precincts,' Section 230, Code 3, 1922, provides:

" 'Each township as now or hereafter laid out and defined in the several counties of this State, and in those counties

where there are no such townships, the parish as formerly known and defined, is declared a polling precinct.'

"In that same section we also find the following provision:

" 'The voting places within these polling precincts shall be the same as now or hereafter established by law: Provided, when there are more than one voting place in the polling precincts the electors for that precinct can vote at either polling place, to be designated on his certificate of registration by board of registration or supervisor of registration.'

"It is to be noted that (1) the township or parish is the polling precinct, (2) therein may be established a number of voting places, and (3) where there is more than one voting place in a polling precinct the electors of such polling precinct may vote at either voting place, as designated by the Board or Supervisor of registration on the voter's certificate.

"Section 219, Code 3, 1922, provides: (1) That every voter shall vote at the polling or voting place in the polling precinct (which may be a township) where his registration certificate entitles him to vote; (2) that in case an elector shall move from one polling precinct to another in the same county, if he desires to vote, he is required to surrender his old certificate and obtain a new one, etc. But it is to be noted that the section provides that where one voting place has been changed to another in the same township or polling precinct, or the name of the voting place has been changed, the registration at the old voting place is effectual for the new. Also, a registered elector has the option to change his voting place within a polling precinct to a voting place therein which may be nearer his residence, although he is not required to do so.

"Construing Sections 219 and 230 together, it is clear that qualified voters of Cross Anchor Township may vote at any one of its three voting places, as designated by such qualified voter's registration certificate. The fact that a voting place is located by law in Hobbysville School District does not

mean that a resident of that district is required to register to vote at the Hobbysville voting place in order to become a qualified elector of the polling precinct or a qualified voter of the Hobbysville School District."

The Town of West Greenville is located in Greenville Township, which township is a voting precinct. It is clear that residents of said town might have any one of· the 17 voting places in said township designated on their county registration certificates, but in general or special elections for Federal, State, and County officials, they could not vote at any of such voting places, except at the one designated on their respective county registration certificates. The voting place of the eight named residents of said town was in Greenville Township. The fact that a voting place is located by law in the Town of West Greenville does not mean that a resident of that town is required to register and vote at such town voting place in order to become a qualified voter of Greenville Township or precinct. The eight named residents ·of West Greenville being qualified electors of Greenville Township were entitled to secure municipal registration certificates and to vote in municipal elections. To hold that a resident of an incorporated town could not obtain a municipal registration certificate, unless his county registration certificate designated a voting place located within the corporate limits of such town, would be in some instances to deny the right of suffrage to legally qualified voters, for an incorporated town may not have, within its corporate limits, a voting place in general elections located by law. To adopt the contention of the appellant would be to deny the residents of a town, within the corporate limits of which no voting place is located by law, the right of voting altogether in municipal elections, and, consequently, there could be no municipal elections. Our constructions of Article 2, § 12, of the Constitution, and Section 225 of Volume 3, Code of 1922, in connection with the other constitutional and statutory provisions heretofore considered, is that the residents

of an incorporated town in order to obtain a municipal registration certificate must have a county registration certificate for the township or precinct in which such town is located.

The undisputed evidence is that the eight named persons voting in said municipal election were duly registered for Greenville Township by the Greenville County Board of Registration; that they were residents of the Town of West Greenville and otherwise entitled to municipal registration certificates; that they obtained such municipal certificates and voted in the municipal election in favor of the bond issue. Their votes were legal. As the majority of the legal votes cast at said election was in favor of the bond issue, it follows that the election was valid.

All exceptions are overruled, and the judgment of the Circuit Court is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.