12514

DAVIS v. TOWN OF WEST GREENVILLE *ET AL.*

(145 S. E., 193)

*Mr. C. S. Bowen,* for petitioner,

*Messrs. Blythe & Bonham,* for respondent.

October 29, 1928.

The opinion of the Court was delivered by MR. CHIEF JUSTICE WATTS.

This is an action brought in the original jurisdiction of the Court to enjoin the issue of $65,000 bonds for the purpose of "establishing and maintaining a waterworks plant" in the Town of West Greenville. The only question for decision is whether the case of *Hunter v. West Greenville,* 146 S. C., 338, 144 S. E., 62, is *res adjudicata* as to the issues raised by this appeal.

The law as to *res adjudicata* is firmly established in this State. In *Bartell v. Edwards,* 113 S. C., 217, 102 S. E., 210, this Court says:

"It is elemental law that a judgment not only estops the parties to the action and their privies from again raising the questions at issue in that case, but also such questions as might have been raised and decided by it."

The question was fully and ably discussed and de-
cided by a unanimous opinion in the case of *John-
ston-Crews v. Folk,* 118 S. C., 470, 111 S. E., 15.
In this case Justice Cothran shows by the citation of early
cases in South Carolina that there are three essential ele-
ments of *res adjudicata:* "(1) Identity of the parties; (2)
identity of the subject-matter; (3) an adjudication in the
former suit of the precise question sought to be raised in
the second suit."

In the *Hunter case,* an action was brought by one
taxpayer in behalf of all; in the present case, the ac-
tion was brought by another taxpayer in behalf of
all taxpayers. Under these circumstances, there is un-
doubtedly an identity of parties. Section 362, Code of
Laws, 1922, Vol. 1; *State ex rel. Brown v. C. & L. N. G
R. Co.,* 13 S. C., 290.

As to (2) and (3), the case of *Johnston-Crews v.
Folk, supra,* holds:

"If the identity of the parties and the identity of the
causes of action have been established, the former adjudica-
tion is conclusive, not only of the precise issues raised and
determined, but such as might have been raised affecting
the main issue."

The above-quoted language is quoted with approval in
*Brown v. Huskamp,* 141 S. C., 121, 125, 139 S. E., 181,
182. The definition of "cause of action" has been followed
in all subsequent cases, and was quoted in the case of
*Johnston-Crews v. Folk, supra.*

It is only necessary, therefore, to determine what was the
cause of action in the *Hunter case,* and what is the cause of
action in the case at bar. If the causes of action are the
same in both cases, then the question in consideration in this
case could have been raised and decided in the *Hunter case,*
and the questions in this case are therefore *res adjudicata*
by reason of the decision in the *Hunter case.*

In the *Hunter case* the action was to enjoin the issue of $65,000 bonds (the same issue that is attacked in this case), upon the grounds that the bonds, if issued, would be null and void because of the illegality of the election upon the issue of said bonds. The subject of action in the *Hunter case* was the "bonds proposed to be issued." The "cause of action" was: (1) The taxpayers' "primary right" to have issued legal bonds only, and the town's "primary duty" to issue such bonds. (2) The delict of the defendant was the alleged failure to issue legal bonds, the particular delict alleged being that the election was illegal and the bonds were, therefore, invalid. To confirm the above analysis an examination of the *Hunter case* shows that it is alleged in the first paragraph that "the special election for water bonds * * * is null and void." The invalidity of the election was based upon five specifications, all relating to registration. The prayer asked that the election be declared void and that the town be enjoined from selling the bonds.

It appearing, therefore, that there is an identity of parties in the two actions, that the subject-matter of the causes of action in both actions is the same, "the former adjudication is conclusive, not only of the precise issues raised and determined, but such as might have been raised affecting the main issue."

It is the judgment of this Court that the petition be dismissed and injunction be refused.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.