14698

EVANS *ET AL.* v. CREECH, MAYOR, *ET AL.*

(197 S. E., 365)

*Messrs. L. D. Jennings* and *A. S. Merrimon,* for petitioners,

*Messrs. S. K. Nash* and *Epps & Epps,* for respondents.
May 31, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The petitioners presented to the Chief Justice of this Court their petition, which prays that a mandamus do issue requiring the respondents to elect three persons and certify their names to the Governor for appointment as commissioners of election for the City of Sumter, and that the commissioners so appointed immediately open books of registration and keep them open till the 26th day of June, 1938, and then proceed to hold the primary election as required by the Commission Form of Government Act for cities of not less than eight thousand nor more than twenty thousand inhabitants.

The Chief Justice made an order which required the respondents to show cause before the Supreme Court why the prayer of the petition should not be granted.

In due time the return to the petition was made, and the matter came on to be heard at the May, 1938, term of the Court.

In their return, the respondents allege in Paragraph 7 thereof that:

"In the year 1932, certain citizens of the City of Sumter, on behalf of all other citizens in like situation, brought a pro-

ceeding against the City Council of the City of Sumter, which raised the same identical questions that are now raised in the present proceeding, most of the paragraphs in the present petition having been taken verbatim from similar paragraphs in said previous petition, the said petitioners being represented by attorneys A. S. Merrimon, J. Ingram Wilson, D. Gordon Baker (now Mr. Justice Baker of the Supreme Court), and L. D. Lide (now Judge of the Circuit Court), and in said proceeding His Honor, Judge Stoll, refused to grant the petition of petitioners, and held that the Act of 1932 [37 St. at Large, p. 1466] which is now attacked by petitioners was constitutional, and the said proceeding being on behalf of the same persons in whose behalf the present proceeding is commenced, and against the Council of the City of Sumter just as in the present proceeding, these respondents plead the order of His Honor, Judge Stoll, as a bar to the present proceeding, and allege that the constitutionality of the Act of 1932 is *res adjudicata*. Copies of the petition and order in said cause, which was filed July 6, 1932, are hereto attached."

The petitioners filed no traverse to the return, but, by order of the Court, made at the hearing of the cause, they were granted leave to file a reply to the respondents' argument. In that reply they said:

"The next position taken by Respondents, in Paragraph 7 of their Return, is that in 1932 certain citizens of the City of Sumter, on behalf of themselves and all others in like situation, brought a proceeding in the Circuit Court, before His Honor, Judge Stoll, in reference to the constitutionality of the Act now in question, and that Judge Stoll refused to grant the relief sought in said petition, and held that the Act of 1932 was constitutional, and that said proceeding being on behalf of the same persons in whose behalf the present proceeding is commenced and against the City Council of the City of Sumter, that the respondents plead the order of His Honor, Judge Stoll, as a bar to the present proceeding,

and allege that the question of the constitutionality of the Act of 1932 is *res adjudicata.*

"This certainly is stretching the doctrine of *res adjudicata* beyond any limitation to which it has ever yet applied. In the first place the relief sought before Judge Stoll was altogether different from the relief sought in this case. While it is true that the basis of the relief sought in that proceeding was the unconstitutionality of the Act now in question, yet the petitioners in this proceeding are not the ones who were the petitioners in that proceeding, and the citizens of Sumter are not all the same as they were then; but even if they were Judge Stoll's holding would only be the law in that proceeding, and could have no application to this proceeding. But we assume that Respondents are taking these unreasonable positions because they must realize that they cannot find any authority to sustain the Acts now in question."

It is patent that the relief which petitioners seek is dependent upon the constitutionality of the Act approved April 6, 1932, which was considered by Judge Stoll in the proceeding brought by J. W. Jenkins and others, and all other voters in the City of Sumter, against the mayor and councilmen of the City of Sumter, in which Judge Stoll held that that Act was constitutional. Indeed, in their brief, petitioners' counsel state:

"Question Involved. Is the Act, approved by the Governor on April 6, 1932, amending Section 7661 of the Code of Laws of 1932 by adding a proviso thereto providing for municipal primaries in the City of Sumter, unconstitutional"?

That is the very Act which Judge Stoll declared to be constitutional by his order of July 6, 1932. From this there was no appeal. It is conceded that as to that case the conclusion of Judge Stoll is final. Is the matter, by reason of that order, *res adjudicata* as to this proceeding?

Section 406 of the Code of Civil Procedure, in Chapter 14, under the title, "Parties To Civil Action Generally," provides:

"When the question is one of a common or general interest of many persons, or when the parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue for the benefit of the whole."

What are the rules relating to the question of *res adjudicata*? In the case of *Johnston-Crews Co. v. Folk et al.*, 118 S. C., 470, 111 S. E., 15, this Court, in an able opinion by Mr. Justice Cothran, declared the law in such succinct and clear language that there has been no doubt on that subject. He said (page 17):

"The following have been declared to be the essential elements of *res adjudicata:* (1) Identity of the parties; (2) identity of the subject-matter; (3) an adjudication in the former suit of the precise question sought to be raised in the second suit. *Hart v. Bates,* 17 S. C., 35."

The Code Commissioner has appended as a note to Section 406, above quoted, the following:

"This section is discussed at length in Pom. Code Remedies, wherein it is said: 'The construction of this section of the Code has been established by the courts, and the rule is settled, as already stated, that, where the question to be decided is one of common or general interest, to a number of persons, the action may be brought by or against one for all the others, even though the parties are not so numerous that it would be impracticable to join them all as actual plaintiffs or defendants; but, on the other hand, when the parties are so very numerous that it is impracticable to bring them all into court, one may sue or be sued for all the others, even though they have no common or general interest in the questions at issue; and the necessary facts to bring the case within one or the other of these conditions must be averred.' "

In the case of *Faber v. Faber,* 76 S. C., 156, 56 S. E., 677, the Court considered Section 140 (now Section 406)

of the Code. Mr. Justice (afterwards Chief Justice) Gary, for the Court, said (page 679) :

"The reason for this rule is thus stated in *Smith v. Swormstedt,* 16 How., 288, 303, 14 L. Ed., 942: 'Where the parties interested in the suit are numerous, their rights and liabilities are so subject to change and fluctuations, by death or otherwise, that it would not be possible without very great inconvenience to make all of them parties, and would oftentimes prevent the prosecution of the suit to a hearing. For convenience, therefore, and to prevent a failure of justice, a court of equity permits a portion of the parties in interest to represent the entire body, and the decree binds all of them the same as if all were before the court. The legal and equitable rights and liabilities of all being before the Court by representation, and especially where the subject-matter of the suit is common to all, there can be very little danger but the interest of all will be properly protected and maintained.' "

Clearly, the first suit of J. W. Jenkins *et al.,* was on behalf of themselves and all other voters in the City of Sumter against the mayor and council of the City of Sumter. The present case, brought by petitioners for themselves and all other citizens in like situation, is against the mayor and councilmen of the City of Sumter.

In their reply brief, the petitioners state that, "the petitioners in this proceeding are not the ones who were petitioners in that proceeding." True, the petitioners called by name in the first proceeding and those called by name in this proceeding are different; but in each proceeding it is stated that the petitioners sue for themselves and all others in like situation, and the pleadings show that each set of named petitioners are suing for themselves and all the citizens of the City of Sumter interested in the matter of elections in that city.

The authorities cited make it plain that they had legal authority to do so. To hold that they were not the same parties

would be to hold that every citizen of Sumter is legally entitled to bring his action on the same subject-matter for the adjudication of the same issue, to wit, the constitutionality of the Act of April 6, 1932. The argument is illogical; it is *reductio ad absurdum.*

In the case of the *State ex rel. Brown v. Chester & L. Ry. Co.,* 13 S. C., 290, this question of *res adjudicata* is treated in all of its phases.

It appears in the case of *Glenn v. County Commissioners of York,* 6 S. C., 412, that Glenn and other taxpayers brought their action to enjoin the issue of certain county bonds to pay for a subscription made by the county commissioners to the Chester & Lenoir, etc., Ry. Co. The Court held that the county commissioners had power to subscribe and issue the bonds. The case was appealed, and the appeal dismissed in 1874. In 1878 the *Brown case* was brought by Brown and sixteen other taxpayers of York against the Chester & L. R. R. Co., the commissioners of York County, and others owning or holding some of those bonds. The question of *res adjudicata* was pleaded in bar of recovery. This plea was sustained by the Circuit Court. The Supreme Court opinion was written by Chief Justice Willard and concurred in by Associate Justices McIver and McGowan. The opinion says:

"The action of *Glenn v. County Commissioners* was in the nature of a bill in equity, and the present action is of the same nature. Equity will not permit a matter once formally adjudicated to be reopened between the same parties or those holding under them under its decree in a collateral proceeding * * *.

"Is there, then, that degree of identity between the two actions that would authorize them to be regarded, as in substance and effect, between the same parties and concerning the same cause of action? As this question arises in equity, substance, rather than form, is to be looked at, as a consequence of the prevailing habit of equity."

The opinion reviews the facts of the *Glenn case,* and of the *Brown case,* and proceeds thus:

"It may be contended that the prayer for relief is not a test of the identity of the causes of action; it is enough to say that it is not in the present case. The controversy is the same throughout, resting on the same facts and views of the law. At one stage of the controversy one measure of relief is called for, while at another and more, advanced stage that measure of relief may be inappropriate and different relief demanded. It cannot be questioned that two actions, brought at different stages of the same controversy, although moulded to the special circumstances existing at the respective times of their commencement, yet each tending to the same general result, must be regarded as involving the same cause of action. If the contrary was admitted, there would be no stability of rights under judgments, for the moment a transaction, even judicially sustained, passed into a new stage of development it would be thrown open to question from its very origin."

When the opinion came to consider the question of identity of parties, it quoted Section 142 (now Section 406) of the Code, and said:

"It is clear that this language contemplated cases where the results of such an action would affect, finally and conclusively, a larger number of persons than those who are immediate parties, for the object of the section was to enable some of a class to act in a manner conclusive to others of the same class, by representing them.  *  *  *  It would follow that when plaintiffs, or relators standing in the place of plaintiffs representing a class of persons, bring an action based on such class rights and are defeated in such action on the merits, no subsequent action can be effectually brought by the same parties or by other parties of the class thus represented."

The opinion further reviews the facts of the *Glenn* and

*State ex rel. Brown cases* and holds that the identity of the parties to the two actions is complete.

The opinion states further:

"It must be concluded that the Circuit decree of *Glenn v. County Commissioners* was a decision upon the merits, and in its nature final and conclusive and a bar to the present action."

"The doctrine of *res adjudicata,* first definitely formulated in the *Duchess of Kingston's case* [20 Howell St. Tr., 355], embodies two main rules, which may be stated as follows: (1) The judgment or decree of a Court of competent jurisdiction upon the merits concludes the parties and privies to the litigation, and constitutes a bar to a new action or suit involving the same cause of action either before the same or any other tribunal. (2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent Court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim, or demand, purpose or subject-matter of the two suits is the same or not." 34 C. J., pages 742, 743, Section 1154.

*"Res adjudicata* is a rule of universal law pervading every well regulated system of jurisprudence, and is put upon two grounds embodied in various maxims of the common law; the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation; the other, the hardship on the individual that he should be vexed twice for the same cause." 34 C. J., 743.

The petitioners argue that the decree, not having been affirmed by the Supreme Court, is authority only in that case; such is not the law.

"If the appeal is not allowed, or perfected, or is abandoned or withdrawn, the proceeding will not in any event affect the operation of the judgment as an estoppel." 34 C. J., 772.

In the case in which Judge Stoll's decree was rendered, no appeal was ever taken from his ruling.

In the case of *Davis v. Town of West Greenville,* 147 S. C., 448, 145 S. E., 193, this Court disposed of the very questions we are now considering. This was an action in the original jurisdiction of the Court to enjoin the issue of bonds for the purpose of " 'establishing and maintaining a waterworks plant' in the Town of West Greenville." Mr. Chief Justice Watts, for the Court, said:

"The only question for decision is whether the case of *Hunter v. West Greenville,* 146 S. C., 338, 144 S. E., 62, is *res adjudicata* as to the issues raised by this appeal."

The action in the case of *Hunter v. West Greenville* was brought by S. W. Hunter for himself and all other taxpayers against the Town of West Greenville and the town council of West Greenville for the purpose of having the election held October 4, 1927, which resulted in favor of issuing the "water bonds", set aside and declared null and void.

In the opinion in the *Davis case,* after declaring the elements of the plea of *res adjudicata* as declared in *Bartell v. Edwards,* 113 S. C., 217, 102 S. E., 210, and *Johnston-Crews Co. v. Folk, supra,* the Court proceeded as follows:

"In the *Hunter case,* an action was brought by one taxpayer in behalf of all; in the present case, the action was brought by another taxpayer in behalf of all taxpayers. Under these circumstances, there is undoubtedly an identity of parties. Section 362, Code of Laws, 1922, Vol. 1 [Section 406, Code 1932] ; *State ex rel. Brown v. Chester & L. G. N. R. Co.,* 13 S. C., 290. * * *

"It is only necessary, therefore, to determine what was the cause of action in the *Hunter case,* and what is the cause of action in the case at bar. If the causes of action are the same in both cases, then the question in consideration in this case could have been raised and decided in the *Hunter case,* and the questions in this case are therefore *res adjudicata* by reason of the decision in the *Hunter case.* In the *Hunter*

*case* the action was to enjoin the issue of $65,000.00 bonds (the same issue that is attacked in this case), upon the grounds that the bonds, if issued, would be null and void because of the illegality of the election upon the issue of said bonds. The subject of action in the *Hunter case* was the 'bonds proposed to be issued.' The 'cause of action' was: (1) The taxpayers' 'primary right' to have issued legal bonds only, and the town's 'primary duty' to issue such bonds. (2) The delict of the defendant was the alleged failure to issue legal bonds, the particular delict alleged being that the election was illegal and the bonds were, therefore, invalid. To confirm the above analysis an examination of the *Hunter case* shows that it is alleged in the first paragraph that 'the special election for water bonds  *  *  *  is null and void.' The invalidity of the election was based upon five specifications, all relating to registration. The prayer asked that the election be declared void and that the town be enjoined from selling the bonds.

"It appearing, therefore, that there is an identity of parties in the two actions, that the subject-matter of the causes of action in both actions is the same, 'the former adjudication is conclusive. not only of the precise issues raised and determined, but such as might have been raised affecting the main issue.' "

In the case at bar, the identity of the parties in the action brought in 1932 by J. W. Jenkins *et al.,* and this present action is established. The subject-matter of both actions is the law relating to the commission form of government in cities of over eight thousand and less than twenty thousand inhabitants, as the same applies to the City of Sumter. The cause of action in each case is the alleged unconstitutionality of the Act of April 6, 1932, and the purpose of each action is to have that Act declared to be unconstitutional.

We find in the two actions the elements essential to sustain the plea of *res adjudicata,* made in the second action, viz.:

(1) Identity of parties; (2) identity of subject-matter; (3) an adjudication in the former suit of the precise question sought to be raised in the second suit.

The writ of mandamus prayed for is denied, and the petition is dismissed.

MR. CHIEF JUSTICE STABLER and MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL concur.

MR. JUSTICE BAKER was disqualified.

MR. JUSTICE CARTER did not participate on account of illness.