16066

### DOTY v. REED, SHERIFF
### SAME v. ROGERS

(47 S. E. (2d) 451)

232

*Mr. James Hugh McFaddin,* of Manning, for Appellant,

*Mr. James H. Moss,* of Orangeburg, for Respondent, George L. Reed.

April 12, 1948.

BAKER, Chief Justice:

Section 500 of the Code of 1942 provides for the arrest of a defendant in civil action in certain named instances, subsection 6 reading in part: "In an action for the recovery of damages in a cause of action not arising out of contract,

* * * or when the action is for an injury to person or character, or for injury * * *."

By authority of the foregoing subsection 6 of Section 500 of the Code, on June 27, 1946, J. E. Gramling as Clerk of Court of Orangeburg County issued in due form (or at least the form is not questioned) his certain body execution, directed to the Sheriff of Orangeburg County (the respondent herein), wherein it was "ordered that the Sheriff or any lawful constable of the County of Orangeburg, State of South Carolina, do forthwith arrest the said debtor, A. G. Rogers, and commit him to the jail of the County until he shall pay the judgment, or be discharged according to law."

On June 29, 1946, there was procured, presumably by the judgment debtor, A. G. Rogers, from Honorable John S. Bowman, Judge of the County Court of Orangeburg County, an ex parte order directing the Sheriff of said County to withhold the arrest of A. G. Rogers under the body execution for ten days from the date of the order.

During this ten day period, A. G. Rogers filed his petition in Bankruptcy in the District Court of the United States for the Eastern District of South Carolina, and was adjudicated a bankrupt. Thereupon, notice was given counsel for the judgment creditor by counsel representing the judgment debtor (A. G. Rogers) that a motion would be made before Judge Bowman, County Judge for Orangeburg County as aforesaid, on July 8, 1946, "for a further order restraining enforcement of judgment in the State Court pending disposition of bankruptcy proceeding in the Federal Court." Following the hearing of this motion, and on July 9, 1946, the said County Judge refused to issue a further stay order, basing his refusal, however, on the ground that Rogers had been adjudged a bankrupt by the United States District Court on July 1, 1946, and that thus the County Court for Orangeburg County had no jurisdiction.

The judgment creditor (appellant here) was of course not interested in or concerned with the reason given in the or-

der of the County Judge for refusing to further restrain the enforcement of the body execution; hence there was no appeal by her from this order.

On or about July 21, 1947, the judgment creditor (appellant) filed her petition in the County Court for Orangeburg County alleging in substance the facts hereinabove set out; and further alleged:

"6. That the plaintiff's judgment is a judgment in a personal injury action and includes both actual and punitive damages for willful and malicious injury to her person and as such is not provable in bankruptcy proceedings in the Federal Court.

"7. That the ten (10) days' restraint against the Sheriff of Orangeburg County provided by the order of June 29, 1946, expired and ended on July 9, 1946, on which day the Sheriff of Orangeburg County should have arrested the defendant, A. G. Rogers, and committed him to jail in accordance with the execution then and now in his hands.

"8. That George L. Reed, Sheriff of Orangeburg County, has never committed the defendant to jail as required by the said execution and he still refuses to enforce the said execution as required by law.

"9. That Sheriff George L. Reed is permitting the defendant, A. G. Rogers, who is a prisoner committed to his custody on final process in Civil Court, to go and be without the prison walls without lawful authority, and is suffering such prisoner, A. G. Rogers, to go and be at large, out of the rules of the prison, without a Writ of Habeas Corpus, or rule of Court granted by motion in open Court and such going and being out of the prison walls or prison rules is in fact an escape, all to the prejudice and damage of the petitioner and plaintiff, Arrie Rose Doty.

"10. That the acts of Sheriff George L. Reed in failing to execute the final process and in negligently permitting the escape of the prisoner is a breach of official duty."

The prayer of the petition was "that a rule doth issue directing George L. Reed, Sheriff of Orangeburg County, to show cause why his acts should not be adjudged a breach of official duty and an escape of the prisoner, and why he should not be liable to the plaintiff (petitioner?) for such damages as the plaintiff (petitioner?) may have sustained."

Based on this petition, the judge of the said County Court ordered George L. Reed, Sheriff of Orangeburg County (the respondent), to show cause before him on August 5, 1947, why the prayer of the petition should not be granted.

In response to the rule to show cause, the respondent (George L. Reed, Sheriff of Orangeburg County) appeared specially and solely for the purpose of objecting to the jurisdiction of the Court, and moved for an order dismissing the Rule and Petition on the ground that the Court had no jurisdiction of the person of the respondent; and concedes that this special appearance had the same effect as a demurrer.

There are facts alleged in the printed argument of the appellant, but not appearing in the petition here involved, such as the statement that: "At the beginning of this action the defendant A. G. Rogers, was arrested and made bail. Before the trial, he was delivered by the bail to the sheriff and the bail by order of the court relieved. * * * " It was probably the knowledge of such facts on the part of the petitioner which led her into praying for the form of relief set forth in the petition. However, as we view the record, the petition here, sans the prayer, and liberally construed as it should be, states grounds for a writ of mandamus to issue against the respondent compelling him to forthwith arrest and incarcerate Rogers under the body execution hereinbefore referred to; and this is the basis on which the petition should have been considered, and the rule to show cause issued. The demand for relief in a complaint constitutes no part of the cause of action and cannot give character to it. *McMakin v. Fowler,* 34 S. C. 281, 13 S. E. 534. And the same law is applicable here.

Under the special appearance of the respondent, which concededly admits the allegations of the petition, the sole issue raised was that the prayer of the petition and the rule to show cause having sought to make the sheriff liable to petitioner in damages for a breach of official duty, such action was one at law which required that it be commenced by the service of a summons; "otherwise the Court could acquire no jurisdiction of the person of the Sheriff for the purpose of determining that issue."

But as we have hereinbefore indicated, the petition and rule should have been treated as seeking the relief of having a writ of mandamus issue compelling the respondent as sheriff to serve the body execution issued by J. E. Gramling, Clerk of Court for Orangeburg County, that is, to arrest the judgment debtor, A. G. Rogers, and commit him to the common jail of the said County until the judgment was paid, or until he was discharged according to law. The petition herein not having alleged facts from which an inference could be drawn that petitioner had suffered ascertainable monetary damages by reason of the breach of duty by the respondent, and the present proceeding being ancillary to the main cause, and the respondent as an officer of the Court not being a third party in the ordinary sense, a summons was unnecessary.

Respondent very properly does not take the position that the stay order issued on June 29, 1946, having been granted without notice, was valid; or that a judgment for actual and punitive damages in a state court for willful and malicious injury to person is dischargeable by a bankruptcy court, or in anywise affects such judgment.

The order appealed from is reversed, and the case is remanded, with leave granted to the petitioner, based on her petition heretofore filed in this action, if she be so advised, to again apply to the County Court of Orangeburg County for a writ of mandamus compelling the Sheriff (respondent) to faithfully perform his duty in the premises.

Reversed and remanded.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.