492 S.E.2d 400

Steve ROBISON, Ulrike Robison, Lee Martains, Janice Martains, and Chris Crutchfield, Appellants,

v.

Brunson ASBILL, Respondent.

No. 2719.

Court of Appeals of South Carolina.

Submitted Sept. 9, 1997.

Decided Sept. 29, 1997.

---

Robin Chandler, of Columbia, for Appellants.

A. Milling Blalock, of Clinton, for Respondent.

GOOLSBY, Judge.

This is an action for damages arising out of the respondent's alleged wrongful denial to the appellants Steve Robison, Ulrike Robison, Lee Martains, Janice Martains, and Chris

Crutchfield of access to and use of a right-of-way easement across Asbill's property. The trial court granted Asbill summary judgment on the ground that a prior declaratory judgment action barred the instant action under principles of res judicata. We reverse.[1]

Previously, the appellants brought an action against Asbill and others, alleging Asbill had denied them access from a public road across their property over a roadway that crossed Asbill's land. The dispute centered on the location of the easement. After the case was transferred to the master for disposition and before it could be heard, the parties entered into a consent order. The master found the appellants had an easement of access over Asbill's property and dismissed the action. Thereafter, the appellants commenced the instant action against Asbill, seeking damages for his failure to allow them the use of the roadway for a two-year period immediately prior to the date of the consent order.

■ Under the doctrine of res judicata, a final judgment on the merits in a prior action will conclude the parties and their privies in a subsequent action based on the same cause of action as to matters actually litigated and those that might have been litigated in the prior action. *Hilton Head Ctr. of S.C., Inc. v. Public Serv. Comm'n of S.C.*, 294 S.C. 9, 362 S.E.2d 176 (1987); *Jimmy Martin Realty Group v. Fameco Distrib., Inc.*, 300 S.C. 192, 386 S.E.2d 803 (Ct.App.1989).

Here, the parties and the claim are the same. Although the matter for damages was not litigated in the prior action, it could have been, because the matter related to rights in existence at the time of the prior action. *See* S.C.Code Ann. § 15–53–120 (1976) (authorizing a court in a declaratory action "by petition to a court having jurisdiction" to grant "further relief" "whenever necessary or proper"); *Bank of Augusta v. Satcher Motor Co.*, 249 S.C. 53, 152 S.E.2d 676 (1967) (stating S.C.Code § 10–201 (1962) (current version at S.C.Code Ann. § 15–53–120 (1976)) permits a court to grant not only consequential or incidental relief, but also coercive relief where the

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

proper grounds for such relief appear from the pleadings and proof).

But "[a] declaratory judgment is not res judicata as to matters not at issue and not passed upon." 22A Am.Jur.2d *Declaratory Judgments* § 239 (1988). The doctrine "is only a bar to matters which were actually litigated, not those that might have been litigated." *Id.* § 240.

> Nor is it an absolute bar to subsequent proceedings where the parties are seeking other remedies, even though based on claims that could have been asserted in the original action. When the plaintiff in the earlier declaratory judgment action sought only declaratory relief, the plaintiff may later be permitted to seek additional, coercive relief based on the same claim.

*Id.*

So far as the record shows here, the appellants sought only declaratory relief in the first action. The doctrine of res judicata, therefore, does not bar them from seeking damages, a form of coercive relief, in a second and subsequent action based on the same claim as the first, even though the appellants' right to damages had accrued before the declaratory judgment action was commenced.[2] *Lortz v. Connell*, 273 Cal.App.2d 286, 78 Cal.Rptr. 6 (1969); *see Winborne v. Doyle*, 190 Va. 867, 59 S.E.2d 90 (1950) (holding the failure to seek consequential or incidental relief in a declaratory judgment action does not bar other proceedings to enforce the rights determined by the judgment, whether by petition filed in the declaratory judgment action, or in a separate and independent action); *Schleicher v. Schleicher*, 120 Conn. 528, 182 A. 162 (1935) (finding that a declaratory judgment action to determine whether the plaintiff was the sole owner of realty did not preclude the plaintiff from bringing a subsequent action against the defendant to recover sums the plaintiff had spent for carrying charges and repairs while the plaintiff occupied the premises under a bona fide claim of ownership); *Farley v. Missouri Dep't of Natural Resources*, 592 S.W.2d 539 (Mo.Ct. App.1979) ("[T]he effect of a prior declaratory judgment,

---

**2.** We note that in his brief Asbill completely disregards and totally fails to address the declaratory judgment exception to the general rule of res judicata argued by the appellants in their brief.

although conclusive as to matters declared, is not to merge in the judgment a subsequent claim for coercive relief arising out of the same cause of action."); *see also* E.H. Schopler, Annotation, *Extent to Which Principles of Res Judicata Are Applicable to Judgments in Actions for Declaratory Relief,* 10 A.L.R.2d 782 § 3 (1950).

The trial court improperly relied on our opinion in *Foran v. USAA Casualty Ins. Co.,* 311 S.C. 189, 427 S.E.2d 918 (Ct. App.1993). There, the action for coercive relief preceded, not followed, the action for declaratory judgment.

**REVERSED.**

CURETON and CONNOR, JJ., concur.