THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Audrey Lauren Sladek,       
Appellant,
 
 
 

v.

 
 
 
Gerard R. Sladek,       
Respondent.
 
 
 

Appeal From Lancaster County
Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No. 05-UP-210
Submitted March 1, 2005  Filed March 21, 2005

AFFIRMED

 
 
 
Audrey Sladek McCarson, of Columbia, for Appellant.
Brian M. Gibbons, of Chester, for Respondent.
 
 
 

PER CURIAM:  Audrey Lauren Sladek[1] (Daughter) appeals the circuit courts dismissal of her accounting action against her father, Gerard R. Sladek (Father), pursuant to Rule 12(b)(8), SCRCP.  We affirm. [2]
FACTS
Daughters parents, Deborah Sharp
(Mother) and Father, divorced in 1991.  Pursuant to the divorce
decree, Mother retained custody of Daughter and Father agreed to pay child support and establish a trust for Daughter, to be used in part for her college education, consisting of funds from the sale of certain real property.  The order required Father to give Mother a full accounting of the trust every six months.  Daughter was emancipated by age in 1998.  
In 2001, Mother filed a contempt action in the family court against Father, alleging that he failed to set up the trust for Daughter, he commingled Daughters funds with his own, and he failed to provide an accounting or access to records.  On September 9, 2002, while Mothers contempt action was still pending, Daughter filed a separate action in circuit court against Father seeking an accounting of the funds in her trust, alleging breach of fiduciary duty and conversion, and seeking actual and punitive damages.[3]  Daughter believed that Father had misappropriated between $50,000 and $92,000 from her trust.  Father moved to dismiss Daughters accounting action pursuant to applicable cases and statutes including but not limited to Rule 12(b)(8), because the issue was still pending in family court.    
On February 20, 2003, the family court issued an order in Mothers contempt action finding Father had misused Daughters funds in violation of the divorce decree.  The family court found Father had inappropriately commingled Daughters funds with his own funds and applied Daughters funds to his own obligations.  The evidence presented to the family court showed that Father inappropriately deducted child support payments from Daughters funds and inappropriately purchased a car for Daughter from the funds.  The family court found that the evidence was insufficient to establish the sums of any other funds which may have been misappropriated.  Finally, the family court found Father in contempt and sentenced him to twelve months in jail, suspended upon the repayment of $9,750 in funds used to pay the child support obligation and $8,000 deducted from the fund to purchase Daughter a car.  The court awarded Mother partial attorneys fees.     
On July 30, 2003, the circuit court issued an order granting Fathers motion to dismiss Daughters accounting action.  The circuit court found Mothers contempt action and Daughters accounting action had essentially the same parties, dealt with the same exact issues, and even had the same attorneys.  The court found that Daughter was the real party at interest in Mothers contempt action and noted that because the two actions dealt with the same matters, the order from Mothers contempt action barred Daughters accounting action under the doctrines of both res judicata and collateral estoppel.  Thus, the court dismissed the action with prejudice pursuant to Rule 12(b)(8), SCRCP.  This appeal followed.  
STANDARD OF REVIEW
Upon review of dismissal of a cause of action pursuant to Rule 12(b)(8), SCRCP, the appellate court applies the same standard of review as that implemented by the trial court.  In determining whether the trial court properly granted the motion to dismiss because another action with the same parties for the same claim was pending, we must consider whether the subsequent complaint, viewed in the light most favorable to the plaintiff, states any new claim.  If the parties and the claims are the same in both pending actions, dismissal is appropriate.  Rule 12(b)(8) should be read in conjunction with Rules 8 and 10, SCRCP. 
LAW/ANALYSIS
Daughter argues the circuit court erred in dismissing her accounting action pursuant to Rule 12(b)(8), SCRCP, because strict compliance with the rule is required, the named parties in the two cases were different, and there were different claims.  We disagree.  
A party may move to dismiss an action where another action is pending between the same parties for the same claim.  Rule 12(b)(8), SCRCP.  Although our courts have not directly ruled on whether the same exact named parties and the same exact claims be present to trigger the rule, the circuit court in this case found that Daughter was the real party at interest in Mothers contempt action.  Daughter does not appeal the circuit courts finding that she was the real party at interest in Mothers contempt action; she merely argues that the named parties in the two actions were different.  Therefore, the circuit courts finding that Daughter was the real party at interest in the family court matter is the law of the case.  ML-Lee Acquisition Fund, L.P. v. Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997) (holding that an unappealed ruling is the law of the case).  Thus, the fact that the parties named in the captions of the two lawsuits are different in the present action is of no consequence as Daughter was the real party at interest in both actions.  
Daughter also argues that Rule 12(b)(8) was inapplicable because the claims brought in the two actions were different.  Both actions sought an accounting from Father to explain how money earmarked for Daughters trust was spent.  Both actions also sought the return of the money mismanaged.  Daughter additionally requested punitive damages for conversion in her accounting action.  The gist of Mothers contempt action was that Father inappropriately managed, or converted, Daughters funds for his personal use.  Thus, although Daughter could not obtain the relief of punitive damages in the family court matter, the claims in both matters were the same.  See Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 35, 512 S.E.2d 106, 109 (1999) (noting that the fact that different remedies were sought in a subsequent action did not alter the fact that the claims from both actions arose from the same exact factual basis and were identical). 
Finally, we note that whether Rule 12(b)(8) was appropriately followed in this matter is of no consequence because the circuit court dismissed Daughters accounting action based upon alternate grounds.  Despite the fact that the order cites Rule 12(b)(8) as the reason for the dismissal of Daughters action, the court actually found the action was barred based upon the doctrines of res judicata and collateral estoppel.[4]  
Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.  Plum Creek Dev. Co., 334 S.C. at 35, 512 S.E.2d at 109 (quoting  Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Commn of South Carolina, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)).  To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit.  Id.  Thus, a subsequent action between the same parties for the same claim will be barred by a judgment on the merits in a prior action pursuant to res
judicata. 
The doctrine of collateral estoppel, or issue preclusion, provides that issues finally determined on the merits in one action precludes relitigation of those issues in a subsequent action based on different claims between the same parties or their privies.  See Carrigg v. Cannon, 347 S.C. 75, 79-80, 552 S.E.2d 767, 770 (Ct. App. 2001) (Under the doctrine of collateral estoppel, once a final judgment on the merits has been reached in a prior claim, the relitigation of those issues actually and necessarily litigated and determined in the first suit are precluded as to the parties and their privies in any subsequent action based upon a different claim.); see also Shelton v. Oscar Mayer Foods Corp., 325 S.C. 248, 251, 481 S.E.2d 706, 708 (1997) (noting collateral estoppel prevents a party from relitigating in a subsequent suit an issue actually and necessarily litigated and determined in a prior action). 
In both Mothers contempt action and Daughters accounting action, Daughter was the real party at interest and Father was the defendant.  Both actions raised the claim that Father misappropriated funds from Daughters trust account and demanded an accounting.[5]  A final ruling was issued from the family court that Father had misappropriated funds from Daughters trust account.  Because the same parties were involved, both actions concerned the same claim, and a final ruling was issued on the merits in the family court matter, the circuit court correctly found Daughters accounting action was barred by the doctrine of res
judicata.
Further, the circuit court was correct in finding Daughters accounting action was barred by the doctrine of collateral estoppel.  Assuming Daughters claim for conversion could be considered a different claim, the issue of whether Father inappropriately used Daughters trust funds was necessarily decided in the prior family court action.  Although the family court found the evidence supported a finding that some of the funds had been mismanaged, the issue of Fathers mismanagement has been conclusively proven and Daughter does not get a second attempt to prove a higher amount.  
Accordingly, because Daughter was the real party at interest in both actions, both actions dealt with the claim of Fathers impropriety in managing Daughters trust, and the matter was finally determined in the family court, the circuit court appropriately dismissed Daughters accounting action.  The circuit courts dismissal is 
 AFFIRMED.
 HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1]  It appears that Audrey Lauren Sladek married during the pendency of this appeal, and she is now known as Audrey Sladek McCarson.
[2] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.  
[3]  The same attorney representing Mother in the contempt action represented Daughter in the accounting action and, initially, represented Daughter in this appeal.  Daughter now represents herself in this appeal.
[4]  We note that Rule 12(b)(8) appears to apply only to pending matters.  Here, Father filed the motion to dismiss pursuant to Rule 12(b)(8) when, as the rule requires, another action concerning the same parties and matter was pending in the family court.  At the time of the hearing on the motion, the family court matter was no longer pending and a final ruling on the matter was issued.  However, Daughter does not raise this argument in her appeal and we decline to address it.  
[5]  We note that the record does not indicate whether the time periods involved in both actions are the same; however, Daughters action was filed at least a year after Mothers contempt action.  Fathers actions in managing the trust after the family courts decision would present a different claim.  However, it is incumbent upon Daughter, as the appellant, to provide this court with a sufficient record upon which to make a decision.  Harkins v. Greenville County, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000).