THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 G.L. Buckles as
 Personal Representative of the Estate of Keith Buckles, Respondent,
 v.
 Ronald Paul, Appellant.
 
 
 

Appeal From Richland County
Steven H. John, Circuit Court Judge
Unpublished Opinion No. 2009-UP-226
Submitted May 1, 2009  Filed May 27, 2009
AFFIRMED

 
 
 
 Ronald Paul, of Columbia, Pro Se Appellant.
 Michael H. Quinn, of Columbia, for Respondent.
 
 
 

PER CURIAM: Ronald Paul (Tenant) appeals from the circuit courts
 jury verdict and award of damages in favor of the Estate of Keith J. Buckles (Landlord),
 and contends the circuit court erred by (1) declaring the parties lease had
 statutorily terminated and (2) cancelling the recording of the lease agreement
 and two lis pendens.  We
 affirm. 
1.  Tenant alleges the theory of res judicata barred the circuit court from hearing Landlords
 action for damages related to Tenants alleged breach of a lease agreement
 because the magistrates court had previously adjudicated the matter.  
Res
 judicata bars subsequent actions by the same parties when the claims arise out
 of the same transaction or occurrence that was the subject of a prior action
 between those parties.  . . .  To establish res judicata, the defendant must
 prove the following three elements: (1) identity of the parties; (2) identity
 of the subject matter; and (3) adjudication of the issue in the former suit.  Plum
 Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999). 
 While we agree with Tenant that identity of parties exists in both actions, we
 find no evidence the magistrate ruled following the December 15, 2004 ejectment
 hearing or that Landlord raised the issue of damages for Tenants alleged
 breach of lease during the ejectment hearing.  Accordingly, res judicata did
 not bar Landlords subsequent action in circuit court.  
2.  Tenant
 also alleges his improvements to the leased building were tenant-owned and
 contends the circuit court deprived him of a property interest in the building
 by declaring the lease statutorily terminated following Tenants failure to
 make demanded lease payments and subsequent abandonment of the premises in
 December 2004.  We find Tenants arguments unpersuasive.  
A
 tenants leasehold interest is terminated by the failure to pay rent or
 abandonment of the premises:

 Failure
 to pay the rent agreed upon when due, or a reasonable rent for use and
 occupation when demanded, shall terminate all tenancies for a term, for years,
 from month to month and at will and the tenant shall forthwith vacate the
 premises without notice.  

S.C. Code Ann. § 27-35-140 (Supp.
 2008).  

 When a
 tenant abandons premises theretofore occupied by him the landlord may enter and
 take possession thereof . . . and the term of a tenant abandoning premises used
 and occupied by him as such shall be deemed ended by such abandonment.  Absence
 from the property for fifteen days after default in the payment of rent shall
 be construed as abandonment.

S.C. Code Ann. § 27-35-150 (Supp.
 2008) (emphasis added).  
AFFIRMED.[1] 
HEARN,
 C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.