**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lawrence Terry, Appellant,

v.

Allen University, Respondent.

Appellate Case No. 2013-000340

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2014-UP-192
Submitted April 1, 2014 – Filed May 7, 2014

**AFFIRMED**

Lawrence Terry, of Columbia, pro se.

Debbie Whittle Durban, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

**PER CURIAM:** Lawrence Terry appeals the trial court's order dismissing his causes of action against Allen University, arguing (1) the trial court erred in dismissing the case with prejudice, (2) the trial court erred in failing to give a clear explanation of its order of dismissal, (3) his due process rights were violated, (4) the trial court erred in failing to give notice and hold a hearing before making its

final ruling, and (5) the trial court erred in failing to enter default judgment in his favor.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in granting Allen University's motion to dismiss:  *Prof'l Bankers Corp. v. Floyd*, 285 S.C. 607, 613, 331 S.E.2d 362, 365 (Ct. App. 1985) ("An appealable order from which no appeal is taken becomes the law of the case in all subsequent proceedings involving the same parties and the same subject matter.").[2]

2.  As to whether the trial court violated Terry's right to procedural due process: *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971) ("Due process does not . . . require that the defendant in every civil case actually have a hearing on the merits."); *id.* (explaining that all the Due Process Clause requires is an opportunity for a "hearing appropriate to the nature of the case" at a "meaningful time and in a meaningful manner" (internal quotation marks omitted)).

3.  As to whether the trial court erred in denying Terry's motion for default judgment:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[3]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We have combined issues one and two into a single issue and issues three and four into a single issue.

[2] Even if this issue was not barred by the law of the case doctrine, this argument would still be without merit.  *See Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."); S.C. Code Ann. § 15-3-530(5) (2005) (setting a three-year statute of limitations for claims of negligence and intentional infliction of emotional distress).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.