**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jasper Fickling, Appellant,

v.

Debbie Fickling, Respondent.

Appellate Case No. 2019-001039

―――――――――――

Appeal From Dorchester County
William J. Wylie, Jr., Family Court Judge

―――――――――――

Unpublished Opinion No. 2022-UP-414
Submitted April 1, 2022 – Filed November 23, 2022

―――――――――――

**AFFIRMED**

―――――――――――

Julio A. Rossington, of Rossington Law Offices, LLC, of
Summerville, and Brett Lamb Stevens, of Stevens Law,
LLC, of Columbia, both for Appellant.

William J. Clifford, of William J. Clifford, LLC, of
North Charleston, for Respondent.

―――――――――――

**PER CURIAM:** Jasper Fickling (Father) appeals the family court's order requiring him to pay $13,800 in alimony arrearages to Debbie Fickling (Mother). We affirm.

## FACTS/PROCEDURAL HISTORY

The parties were married in 1983, and divorced on February 19, 2009. They have two children, a son who was emancipated at the time of the divorce and a daughter (Daughter) who was unemancipated at the time of the divorce. The divorce decree granted primary custody of Daughter to Father and ordered Mother to pay $200 monthly child support. The divorce decree ordered Father to pay $1,000 monthly alimony, and the family court offset the payments as follows:

> That [Father] shall pay directly to [Mother] one thousand dollars per month in permanent periodic alimony . . . . However, based upon [Father's] greater earning capacity . . . the court concludes that a downward deviation from the Child Support Guidelines is warranted, and [Mother] shall be required to pay two hundred dollars in child support. Child support shall be paid by [Father] deducting this amount from his monthly alimony payment to [Mother]. If [Father] is ever more than five days late with any payment [Mother] may file an Ex Parte Affidavit with the court and all future alimony payments shall then be made payable through the court together with the five percent administrative fee.

On September 4, 2009, the family court ordered Father to make alimony payments through the Dorchester County family court. In June 2012, Daughter graduated from high school, thereby becoming emancipated; this date is not in dispute. Upon Daughter's emancipation, Father continued to pay $800 in alimony rather than the $1,000 ordered in the divorce decree.

On July 12, 2018, Father filed a complaint (Case. No. 2018-DR-18-955) to retroactively terminate alimony based on his belief that Mother had been living with her romantic partner for several years. Before Mother filed her answer and counterclaim, the clerk of court issued a rule to show cause against Father on July 17, 2018 (the July Rule), alleging Father owed an alimony arrearage. The July Rule asserted Father owed an amount calculated by the clerk of court on the basis of the $800 monthly amount Father had been paying.

On August 14, 2018, Mother denied Father's allegation and counterclaimed, asserting the divorce decree required Father to pay $1,000 per month in alimony, and after Daughter's emancipation he only paid $800 per month. She also asked

the court to issue a rule to show cause and hold Father in willful contempt for his failure to comply with the alimony provision set forth in the divorce decree.

On October 16, 2018, the family court issued an order (the Consent Order) that dismissed Case No. 2018-DR-18-955 and stated in pertinent part:

> The parties have reached a final agreement regarding Civil Action 18-DR-18-955. Counsel for the parties advised the Court that the parties had reached a final agreement regarding this action and desired to have the agreement approved by the Court. The agreement is as follows:
>
> a. That [Mother] consents to the termination of ongoing permanent periodic alimony effective July 1, 2018;
>
> b. That effective July 1, 2018 [Father's] alimony obligation [to Mother] shall terminate; and
>
> c. That this action will be dismissed.

On October 31, 2018, the family court issued a civil contempt order (the Contempt Dismissal Order) dismissing the July Rule that stated "[r]ule to show cause is dismissed. Case is closed by Consent Order in case number 18-DR-18-955."

On September 14, 2018, the family court issued an order and rule to show cause under Case No. 06-DR-18-0376 ordering Father to appear in court on October 15, 2018 (the September Rule). The September Rule alleged Father owed an amount that incorporated the full $1,000 a month in alimony owed by Father.

On April 17, 2019, the family court held a hearing "pursuant to a Rule to Show Cause issued on behalf of [Mother]." Father moved to dismiss the action, arguing that Mother was attempting to relitigate a matter upon which the parties had previously agreed. Mother argued the rule to show cause was a separate enforcement action that stood alone from the Consent Order.

The family court issued an order (the 2019 Order) finding Father was not in willful violation of the divorce decree. The family court explained that although the "clear implication" of the decree was that Father would owe the full $1,000 alimony following Daughter's emancipation, the order did not "contain a clear and specific provision ending that deduction upon [Daughter's] emancipation." The family

court found that Father's failure to make the full $1,000 payment of alimony "without demand by Mother" did not rise to the level of contempt and determined that Father owed $13,800 in alimony arrearages. This appeal followed.

## ISSUES ON APPEAL

I. Did Mother have an affirmative duty to petition the family court to end her child support obligation following Daughter's emancipation?

II. Did res judicata bar Mother's claim for alimony arrearages?

III. Did the family court err in requiring Father to pay alimony arrearages after finding Father was not in willful contempt?

## STANDARD OF REVIEW

"The family court is a court of equity." *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). "Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings." *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019). "[W]hile this court has the authority to find facts in accordance with its own view of the preponderance of the evidence, 'we recognize the superior position of the family court . . . in making credibility determinations.'" *Lewis v. Lewis*, 400 S.C. 354, 361, 734 S.E.2d 322, 325 (Ct. App. 2012) (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655). "Further, de novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.'" *Id.* (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655).

## LAW/ANALYSIS

## I. Emancipation

Father argues the family court erred in requiring him to pay alimony arrearages because Mother did not petition the family court to formally end her child support obligation. Father asserts the family court had no basis to determine it was reasonable to conclude Daughter's emancipation terminated Mother's child support obligation. We disagree and find Father's argument is without merit.

"Generally under South Carolina law, a parent's obligation to pay child support extends only until the child reaches majority, then ends by operation of law."

*Thornton v. Thornton*, 328 S.C. 96, 109, 492 S.E.2d 86, 93 (1997). In domestic matters, the family court has exclusive jurisdiction:

> To make all orders for support run until further order of the court, except that orders for child support run until the child turns eighteen years of age . . . or past the age of eighteen years if the child is enrolled and still attending high school, not to exceed high school graduation . . . .

S.C. Code Ann. § 63-3-530(A)(17) (Supp. 2022).

Under the express terms of the statute, a parent's obligation to pay child support does not require further court order to terminate and ends by operation of law when a child turns eighteen or graduates from high school. Because Mother's child support obligation terminated by operation of law when Daughter graduated from high school in 2012, Father's alimony payment amount increased to the full $1,000 at that time. Therefore, we affirm on this issue.

## II.  Res Judicata

Father contends Mother's claim for the arrearage is barred by res judicata because she agreed to dismiss her claim in the Consent Order. Mother argues the September Rule was not dismissed by the Consent Order but stood alone as Case No. 06-DR-18-0376. We find res judicata does not bar Mother's claim and it was not dismissed by the Consent Order.

"Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between these parties." *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999); *Rogers v. Kunja Knitting Mills, U.S.A.*, 336 S.C. 533, 537, 520 S.E.2d 815, 817 (Ct. App. 1999). "In order to establish a plea of res judicata, three elements must be established: (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the former suit." *Sealy v. Dodge*, 289 S.C. 543, 545, 347 S.E.2d 504, 505 (1986).

"In South Carolina jurisprudence, settlement agreements are viewed as contracts." *Abel v. S.C. Dep't of Health & Env't Control*, 419 S.C. 434, 438, 798 S.E.2d 445, 447 (Ct. App. 2017) (quoting *Nichols Holding, LLC v. Divine Cap. Grp.*, 416 S.C. 327, 335, 785 S.E.2d 613, 615 (Ct. App. 2016)). "To discover the intention of a contract, the court must first look to its language—if the language is perfectly plain

and capable of legal construction, it alone determines the document's force and effect." *Id.* at 441, 798 S.E.2d at 448 (quoting *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 498, 649 S.E.2d 494, 501 (Ct. App. 2007)).

Here, we find res judicata does not bar the current action because the Consent Order did not adjudicate the issue of Father's alimony arrearage. The Consent Order clearly sets forth the parties' intent to establish the end date for Father's alimony obligation, but it is silent as to Father's alimony arrearage. It does not contain language addressing the arrearage nor does it contain language indicating that the parties agreed to forgive it. Further, the Consent Order does not address the pending September Rule. Therefore, we find the family court did not err in ordering Father to pay the alimony arrearage.

## III. Contempt

Although the family court found Father did not willfully fail to comply with the divorce decree, it still found Father was in arrears on his alimony payments to Mother. Father contends the family court erred in awarding Mother an alimony arrearage without a finding of willful contempt. We disagree as our jurisprudence makes no such requirement. Thus, we find the family court did not err.

## CONCLUSION

Accordingly, the order of the family court is

AFFIRMED.[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.