**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Starbella, LLC, Appellant,

v.

Lillie Rovira and Roberto Rovira, Respondents.

Appellate Case No. 2021-000973

———————————

Appeal From Chester County
Eugene C. Griffith, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-145
Submitted February 1, 2023 – Filed April 5, 2023

———————————

**REVERSED AND REMANDED**

———————————

Brian Scott McCoy, of McCoy Law Firm, LLC, of Rock Hill, for Appellant.

J. Cameron Halford, of J. Cameron Halford, LLC, of Lake Wylie, for Respondents.

———————————

**PER CURIAM:** Starbella, LLC appeals an order of the circuit court, arguing the circuit court erred by granting Lillie Rovira and Roberto Rovira's (collectively, the Roviras') motion to dismiss based on the doctrine of res judicata. Because Starbella's claims did not "arise out of the same transaction or occurrence" as the Roviras' claims in the prior action, we reverse and remand pursuant to Rule 220(b),

SCACR, and the following authorities: *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties."); Rule 13(a), SCRCP ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .").

**REVERSED AND REMANDED.**[1]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.