**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kenneth Curtis, Respondent,

v.

Cynthia Glenn, Appellant.

Appellate Case No. 2020-001699

───────────

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

───────────

Unpublished Opinion No. 2024-UP-126
Submitted April 10, 2024 – Filed April 17, 2024

───────────

**AFFIRMED IN PART AND VACATED IN PART**

───────────

Cynthia Glenn, of Gray Court, pro se.

Kenneth Curtis, of Marietta, pro se.

───────────

**PER CURIAM:** Cynthia Glenn appeals the October 29, 2020 and November 17, 2020 orders from the master-in-equity. On appeal, Glenn argues (1) the master did not have the authority to supersede a prior order from the magistrate's court, (2) the master erred by allowing Curtis to re-litigate issues decided by the magistrate's court, (3) the master erred by accepting "matters of [Curtis's] complaint without proper authority and without proper counsel," (4) the master failed to rule on the one issue properly before it, (5) the master confused and blended properties that

were not a part of the original conflict, (6) the master erred by failing to recuse himself, (7) it was unethical for the master to rule Glenn would be subject to fines and jail time, (8) Greenville County and the Attorney General's office failed to intervene to represent the public's right, and (9) the "magistrate['s] court err[ed] in filing a motion of reference after Curtis brought new issues at a Motion for Clarification hearing when he had not brought the issues previously or appealed any ruling." We affirm in part and vacate in part pursuant to Rule 220(b), SCACR.

In December 2018, following a contract between Kenneth Curtis and Glenn, Glenn's husband was buried on property often referred to as Saluda Rest, which is owned by Curtis. Subsequently, a dispute arose between the parties regarding the time and manner of Glenn's visitation to her husband's grave. Following a few incidents between the parties on the matter, Curtis filed a complaint in magistrate's court and Glenn filed for a restraining order. The magistrate's court filed its final order on January 15, 2020; the order, among other things, consolidated the two cases, found Curtis owed a duty to the families of those buried in his cemetery to allow them to visit their family member's graves, and provided for visitation for Glenn. Specifically, as to Glenn's visitation, it ordered Curtis to set weekly visitation hours that Curtis was permitted to determine, "provided that the duration of the visitation should be at least six (6) consecutive hours," begin no later than 11:00 A.M. and end no earlier than 4:00 P.M., and it also provided Glenn "shall be allowed to access her husband's grave by vehicle," and "be allowed to take tools with her to care for and maintain the grave site." It also ordered Curtis to file an action with the circuit court to determine the status of Saluda Rest as a cemetery. Finally, the order provided that if Curtis failed to file that action with the circuit court within thirty days of the date of the order, the visitation schedule provided "shall apply to all members of the public in addition to [Glenn]." This order was not appealed.

Curtis then filed a summons and complaint in circuit court against Glenn, seeking a declaratory judgment regarding whether he owns private property and "operates a private ministry, church, and/or religious organization and that [Glenn] must request and receive permission to enter [Curtis's] property," and seeking a ruling that Glenn is denied any access to the property pursuant to section 27-43-10 to -310 of the South Carolina Code (2007 & Supp. 2023). He also alleged claims of breach of contract and abuse of process. The matter was referred to the master. Glenn answered, asserted counterclaims, and moved to dismiss the complaint in part, arguing a majority of the complaint, causes of action, and requests for relief were previously tried and a final judgment was issued and the only matter before the master was whether Saluda Rest was a cemetery and open to public access.

Following a hearing on the motion to dismiss, the master issued a Form 4 order, "rul[ing] that any issues that occurred between the parties prior to January 15, 2020 (the date of [the magistrate's court's o]rder) may not be re-litigated in this court." Following a trial, the master filed the October 29, 2020 order. The October 2020 order found: (1) Glenn did not prove any elements of her counterclaims, (2) Curtis did not prove Glenn breached the contract nor that she brought forth legal proceedings with an ulterior purpose, (3) the determination of whether Saluda Rest is a church is beyond the master's jurisdiction, (4) Saluda Rest is private property, and (5) it had the jurisdiction to grant relief between the parties. The master also ordered (1) Glenn was entitled to visit her husband's grave with up to three people, (2) Glenn could visit any day between the hours of 8:00 A.M. and 8:00 P.M. so long as she provided twenty-four hours' notice, (3) provided for how Curtis should handle a request to visit if there was a legitimate and objective reason to not allow access, (4) provided for payment if damages should occur during Glenn's visit, (5) prohibited Curtis from placing a burial site within a certain distance of the path leading to Glenn's husband's grave site and required the path have sufficient room for an average sized vehicle, (6) ordered a mutual restraining order, prohibiting harassment that was punishable by fine or jail time if violated, and (7) ordered that this order would supersede and overrule any previous orders or ruling related to these matters between Curtis and Glenn that are addressed herein—specifically the magistrate's court cases. Both during the trial and in her post-trial motion, Glenn argued to the court that the issues being presented and ruled on—save the ruling on whether the property at issue was a cemetery and what hours of visitation Curtis was required to maintain—were not properly before the court because they had been decided by the magistrate's court.

We hold the doctrine of res judicata bars the re-litigation of the issues between Curtis and Glenn that were determined or could have been determined by the magistrate's court's January 15, 2020 order. *See Zinn v. CFI Sales & Mktg., Ltd*, 415 S.C. 93, 105, 780 S.E.2d 611, 617 (Ct. App. 2015) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." (quoting *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999))). Here, the parties are the same and the subject matter— Glenn's visitation rights—are the same. Moreover, the magistrate's court's order finally determined the visitation parameters for the parties in its order, and the portions of the trial transcript included in the record on appeal fail to establish the existence of any new incident following the January 15, 2020 order that would

provide grounds for a change.[1]  *See id.* at 105, 780 S.E.2d at 618 ("Res judicata is shown if (1) the identities of the parties is the same as a prior litigation; (2) the subject matter is the same as in the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction." (quoting *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 250-51, 452 S.E.2d 832, 833 (1994))). Further, although Curtis asserted causes of action for breach of contract and abuse of process in the complaint before the master, Curtis did not establish that these claims could not have been brought in the suit before the magistrate's court.  *See id.* at 105, 780 S.E.2d at 617 ("Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" (quoting *Plum Creek Dev. Co.*, 334 S.C. at 34, 512 S.E.2d at 109)); *id. at* 106 n.7, 780 S.E.2d at 618 n.7 ("South Carolina courts have used at least four tests to determine when a claim should have been raised in the first suit: (1) when there is identity of the subject matter in both cases; (2) when the first and second cases involve the same primary right held by the plaintiff and one primary wrong committed by the defendant; (3) when there is the same evidence in both cases; and recently, (4) when the claims arise out of the same transaction or occurrence that is the subject of the prior action." (quoting James F. Flanagan, South Carolina Civil Procedure 649-50 (2d ed. 1996))).  Based on the foregoing, the master erred by ruling on issues already determined—or that could have been determined—by the magistrate's court; thus, we vacate the portions of the master's order that involve Glenn.  Furthermore, in light of this court's above determination, we need not reach Glenn's remaining issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

---

[1] We acknowledge Respondent's brief asserts that Glenn failed to "order or pay for a [f]ull [t]ranscript of the proceedings . . . as required by the [Appellate Court Rules]," which prevented him from "prepar[ing] a proper response"; however, Glenn moved before this court to proceed without the full transcript and this court, noting that the motion was unopposed, granted Glenn's request.  Although Curtis now "objects" to this motion to proceed, we construe his objection as a petition for rehearing, which we take no action on.  *See* Rule 240(i), SCACR ("The court will not entertain petitions for rehearing on a motion or petition unless the action of the court on the motion or petition has the effect of dismissing or finally deciding a party's appeal.").  Additionally, this court denies Curtis's request to impose sanctions on Glenn.

**AFFIRMED IN PART AND VACATED IN PART.**[2]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.