22793

HILTON HEAD CENTER OF SOUTH CAROLINA, INC., Appellant v. The PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA and Hilton Head Plantation Utilities, Inc., Respondents.

(362 S. E. (2d) 176)

Supreme Court

*Frank H. Clabaugh* and *Douglas W. MacNeille*, of *Dowling, Sanders, Dukes, Svalina, Ruth & Williams*, Hilton Head Island, *for appellant.*

*Rex L. Carter*, of *Carter, Smith, Merriam, Rogers and Traxler*, Greenville, and *Joseph R. Barker*, of *Bethea, Jordan & Griffin*, Hilton Head Island, *for respondent Hilton Head Plantation Utilities, Inc.*

*Arthur G. Fusco* and *H. Clay Carruth, Jr.*, of *South Carolina Public Service Com'n*, Columbia, *for respondent South Carolina Public Service Com'n.*

Heard Sept. 23, 1987.

Decided Nov. 9, 1987.

NESS, Chief Justice:

Hilton Head Center (Center) appeals the dismissal of its complaint. The PSC and the circuit court both held the action was barred by the doctrine of res judicata. We affirm.

In 1981, Center and Hilton Head Plantation Utilities (Utility) entered into an agreement for Utility to provide water and sewer service to Center. Center agreed to pay approximately $73,000 in aid-to-construction fees. When Carter failed to timely pay the fees, the parties entered into a deferred payment agreement. Pursuant to this agreement Center executed three promissory notes. Center paid only one of the notes and Utility brought suit in September, 1982, on the remaining two. Center failed to answer or otherwise

plead and Utility obtained default judgments in both actions. Center did not appeal or move to set aside the judgments.

This action was brought by Center in July, 1984, to secure a refund with interest of the aid-to-construction fees. Center alleged Utility fraudulently represented it had authority to charge the fees. The PSC dismissed the complaint on the grounds the action was barred by the doctrine of res judicata and the fees were properly charged and collected. We agree with the PSC and the circuit court that the present action is barred by the two (2) prior judgments entered against Center.

Res judicata applies where there is identity of parties, identity of subject matter, and an adjudication of the issue in the former suit. *Lowe v. Clayton*, 264 S. C. 75, 212 S. E. (2d) 582 (1975). A litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit. *Wold v. Funderburg*, 250 S. C. 205, 157 S. E. (2d) 180 (1967).

Center argues the present suit is not barred because the complaint alleges fraud in the procurement of the agreement to pay the fees. We disagree.

While a judgment obtained by extrinsic fraud does not bar a subsequent suit, *Wold v. Funderburg*, a mere failure to disclose to an adversary, or the court, matters which would defeat one's own claim is not extrinsic fraud. *Rycroft v. Tanguay*, 279 S. C. 76, 302 S. E. (2d) 327 (1983). Extrinsic fraud is fraud that induces a person not to present a case or deprives a person of the opportunity to be heard. Relief is granted for extrinsic fraud on the theory that because the fraud prevented a party from fully exhibiting and trying his case, there has never been a real contest before the court on the subject matter of the action. *Corley v. Centennial Const. Co.*, 247 S. C. 179, 146 S. E. (2d) 609 (1966). Intrinsic fraud on the other hand, is fraud that misleads a court in determining issues and induces the court to find for the party perpetrating the fraud. *See Rycroft v. Tanguay.*

The fraud alleged here is intrinsic not extrinsic. Center had the responsibility of raising Utility's allegedly fraudulent representations at the time suit was

brought on the promissory notes. Having failed to do so, Center is barred from bringing the present action. *Sciarrone v. Life Insurance Co. of Virginia*, 280 S. C. 446, 313 S. E. (2d) 322 (1984); *Davis v. Murphy*, 31 S. C. L. (2 Rich.) 560 (1846).

Center also argues it could not have raised the issue in the prior suits because only the PSC, and not the circuit court, could determine the validity of the fees. South Carolina Code Ann. § 58-5-210 (1977), gives the PSC the exclusive right to regulate utility rates. However, because Center does not contest the reasonableness of the fees, but rather asserts its agreement to pay the fees was fraudulently obtained, this argument is without merit. *See Lindler v. Baker*, 280 S. C. 130, 311 S. E. (2d) 99 (Ct. App. 1984).

We hold the PSC and the circuit court were correct in holding the present action is barred by res judicata, we need not address Center's remaining exceptions.

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.