THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Tim Williams,       
Appellant,
 
 
 

v.

 
 
 
New Century Investigations, Inc., Premier Investigations, Inc., Robert A. Cook (individually and as corporate officer), Donna (Cook) Lindsey (individually and as corporate officer),       
Respondents.
 
 
 

Appeal From Richland County
James R. Barber, Circuit Court Judge

Unpublished Opinion No. 2005-UP-237
Submitted December 1, 2004  Filed April 6, 2005

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
Timothy L. Williams, of Columbia, for Appellant.
Curtis L. Ott, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Tim Williams brought this action against New Century Investigations, Inc., Premier Investigations, Inc., Robert A. Cook, and Donna Lindsey (collectively Respondents), alleging causes of action for fraud and breach of contract with fraudulent intent.  The trial court granted Respondents motion to dismiss under Rules 12(b)(2) and 12(b)(6), SCRCP.  We affirm in part, reverse in part, and remand.[1] 
FACTS
Williams, a South Carolina resident, worked as a customer services representative for Premier Investigations, a company incorporated in Florida with corporate offices in North Carolina, from December 1996 through January 1997.  After Premier terminated his employment in January, Williams requested his unpaid wages.  When he was not paid, Williams brought suit in Richland County, South Carolina, against Premier, CEO Robert Cook, and President Donna Lindsey.  Cook and Lindsey were both North Carolina residents and were dismissed from the lawsuit for lack of personal jurisdiction.  Premier, as the only remaining defendant, filed an Offer of Judgment in the amount of $21,000.  Williams accepted the judgment in August 1997, and the judgment was entered by the court in February 1998.  Despite the offer and acceptance of judgment, Premier never paid Williams.  Williams domesticated the judgment in North Carolina and attempted to enforce it, but he was unsuccessful.  
Williams filed his complaint in the current action in August 2002.  In his complaint, he alleged Cook and Lindsey established New Century Investigations in February 1997 using assets from Premier and for the purpose of continuing Premiers business.  Further, he alleged Respondents created New Century for the purpose of defrauding creditors.  Williams contended Cook and Lindsey conspired on behalf of Premier by making the Offer of Judgment with the intention of never paying the judgment.  
In his complaint, Williams maintained a cause of action for fraud against Respondents.  His complaint centers on the transfer of Premiers assets to New Century prior to Premier making the Offer of Judgment.  Additionally, he asserts a cause of action against all parties but New Century, alleging:  (1) his employment contract was breached by the failure to pay his wages; and (2) Cook made a verbal agreement to pay the judgment against Premier and this was breached when he moved Premiers assets to New Century and did not pay Williams. 
Prior to filing an Answer, Respondents filed a motion to dismiss under Rules 12(b)(2) and 12(b)(6), SCRCP.  Respondents maintained:  (1) the claims were barred by the doctrine of res judicata as they originated from the same facts as Williams 1997 action; (2) the claims were an improper collateral attack on the judgment against Premier; (3) Williams should have brought this action under a Rule 60, SCRCP motion and not in a separate cause of action; (4) the complaint was barred by the statute of limitations; (5) the court lacked personal jurisdiction over Cook, Lindsey, and Premier; and (6) the complaint failed to state facts sufficient to set forth a cause of action for fraud or breach of contract with fraudulent intent as to any party.  During the hearing on the motion, Williams informed the trial court that he was not attempting to appeal or have the prior judgment against Premier reconsidered, he was merely attempting to collect on the former judgment.  
The trial court found the doctrine of res judicata applied to bar the current action.  The court also concluded the lawsuit as brought was not the appropriate vehicle by which to attack the judgment or to collect the judgment.  The court found even if Williams had properly filed under Rule 60, SCRCP, the filing would have been untimely.  Finally, the court concluded the causes of action against New Century failed as a matter of law.  This appeal followed.
STANDARD OF REVIEW
Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action.  In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint.  If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper.  Baird v. Charleston County, 333 S.C. 519, 527, 511 S.E.2d 69, 73 (1999).  In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief.  Gentry v. Yonce, 337 S.C. 1, 5, 522 S.E.2d 137, 139 (1999).  A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory.  Id. 
LAW/ANALYSIS
I.       Discovery
Williams contends the trial court erred in dismissing his complaint before he had the opportunity to commence discovery.  We disagree.
Williams appears to be arguing it was premature to dismiss his case without allowing adequate discovery.  However, Respondents did not move for summary judgment, but they instead moved to dismiss under Rule 12, SCRCP.  Pursuant to Rule 12, determinations of whether to dismiss the complaint are made based upon the pleadings of the party.  Baird, 333 S.C. at 527, 511 S.E.2d at 73.  While discovery may be allowed, or even required, before consideration of a motion for summary judgment under Rule 56, SCRCP, the same is not true for a motion to dismiss pursuant to Rule 12(b)(6).  Because a dismissal pursuant to Rule 12(b)(6), SCRCP, is based solely on the allegations within the four corners of the complaint, further discovery is not necessary.  Accordingly, the trial court did not err in failing to allow discovery prior to deciding the motion to dismiss based upon the pleadings.
II.      Res Judicata
Williams maintains the current case is not barred by the doctrine of res judicata because it does not re-litigate the issues previously determined in the 1997 action.  While some of the claims raised by Williams are new claims, other claims are the same and are, therefore, barred from re-litigation.
Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.  Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (quoting Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Commn of South Carolina, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)).  To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit.  Id.
The 1997 action was a suit for damages arising out of Premiers failure to pay Williams his wages for time worked between December 1996 and January 1997.  The present action includes a claim for the wages under paragraphs 29-30 of the complaint.  This claim is clearly barred under the doctrine of res judicata, as it is the same issue previously litigated between the same parties.
Williams also brings a claim for fraud as a result of the conveyance of Premiers property to New Century in an effort to avoid payment of the judgment rendered.  Fraudulent conveyances of property in an effort to defraud creditors may be set aside as void.  See S.C. Code Ann. § 27-23-10(A) (Supp. 2004) (codifying the Statute of Elizabeth and noting that conveyances of any lands, goods, or chattel for the purposes of defrauding creditors are void); see also Windsor Prop., Inc. v. Dolphin Head Constr. Co., 331 S.C. 466, 470-71, 498 S.E.2d 858, 860 (1998) (noting that fraudulent conveyances to defraud creditors are void).  
Williams fraudulent conveyance claim was not an issue against any of the parties in the prior litigation.  Further, although Premier, Cook, and Lindsey were all named parties in the prior litigation, New Century was not a named party.  Thus, Williams claim for fraudulent conveyance is not barred by the doctrine of res judicata, and the trial court erred in making this finding. Because Williams presented a valid claim, we reverse the trial court as to this issue and remand the matter for further proceedings.[2]
III.    Proper Action
Williams contends the trial court erred in finding his claim was brought as an improper action.  We disagree. 
The trial court found that if Williams was seeking to set aside the prior judgment, the proper means by which to challenge it would have been pursuant to Rule 60, SCRCP.  Although the rule generally allows a party to file for relief from judgment within a reasonable time, the rule specifies that a party may move for relief from judgment due to fraud only within one year after the judgment.  Rule 60(b)(3), SCRCP.  Williams claims for fraud and breach of contract with fraudulent intent may be interpreted as collateral attacks on a valid judgment.  As the prior judgment was entered in February 1998 and the underlying cause of action was not filed until August 2002, Williams did not file within one year of the judgment.  Further, if Williams complaint is interpreted generally as an independent action for relief from judgment, he still failed to file within a reasonable time period.  See Rule 60, SCRCP (allowing independent actions to challenge a prior judgment if filed within a reasonable time).  Thus, if Williams was seeking to be relieved from the prior judgment, we agree with the trial court that his motion was untimely.[3]  
However, based upon Williams arguments at the hearing on the motion to dismiss and in his appellate brief, we believe that Williams was seeking to enforce the prior judgment, not be relieved from it.  
The South Carolina Rules of Civil Procedure provide that a party may execute a judgment by filing a writ of execution.  Rule 69, SCRCP.  The procedures for enforcing a writ of execution are governed by statute.  S.C. Code Ann. § 15-35-180 (2005) (providing that a judgment may be enforced by execution); S.C. Code Ann. § 15-39-10 through 90 (2005) (providing the kinds of execution and a ten-year time period for execution).     
Although Williams asserted he was seeking to collect on the prior judgment, the causes of action as raised in Williams complaint cannot be construed as an action to execute or collect the judgment against Premier.  Williams also failed to file a motion for a writ of execution pursuant to Rule 69, SCRCP, and he failed to follow the procedures for enforcement pursuant to the statutes.  Because Williams failed to follow the procedures for execution, the trial court correctly concluded the vehicle used by Williams to collect his judgment was improper.[4]
CONCLUSION
The trial court did not commit any error in failing to order discovery prior to a motion to dismiss based upon the pleadings.  We find the doctrine of res judicata applies to bar claims against the parties arising out of the original employment contract and the failure of Premier to pay Williams wages.  However, res judicata cannot be used to bar Williams claim of fraudulent conveyance, and this cause of action should be remanded to the trial court for further proceedings.  We find no error with the trial courts determination that Williams brought an improper action if he was seeking to enforce his judgment.  Accordingly, the decision of the trial court is 
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
HUFF, KITTREDGE, and BEATTY, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.  
[2]  The trial court found that Williams discovered the alleged fraudulent conveyance from Premier to New Century two years and eight months prior to filing the underlying action.  This finding was not appealed by any of the parties.  Thus, any question regarding the statute of limitations for Williams fraudulent conveyance claim in the current action has been decided and is the law of the case.  
[3]  We note that in order to obtain relief from judgment pursuant to Rule 60(b) due to fraud, the fraud must be extrinsic, not intrinsic.  Raby Constr. L.L.P. v. Orr, 358 S.C. 10, 20-21, 594 S.E.2d 478, 483 (2004).  The trial court in this matter did not determine whether the allegations of fraud amounted to intrinsic or extrinsic fraud, and Williams does not complain about the failure to make this ruling on appeal. 
[4] Williams maintains he correctly brought his collection action within a reasonable time.  Because we find he did not actually bring an action to execute judgment, we need not determine this issue.  However, were he to bring an action to execute or collect the judgment in the proper jurisdiction, it would be subject to the specific statute of limitations relating to that action.