THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Kenneth L. Amerson, Personal Representative of the Estate of Sally Louise A. Newsome,
Appellant,
v.
Gena Phillips Ervin, Personal Representative of the Estate of Harley A. Newsome, Christine N. Tolson , Individually and as Conservator for Sallie Louise A. Newsome, Deceased, Cely Baker Reynolds, as Guardian ad Litem for Sallie Louise A. Newsome, Deceased, John H. Newsome, Sr., and John H. Newsome, Jr.,
Defendants,
Of Whom  Gena Phillips Ervin, Personal Representative of the Estate of Harley A. Newsome, Christine N. Tolson , Individually and as Conservator for Sallie Louise A. Newsome, Deceased, Cely Baker Reynolds, as Guardian ad Litem for Sallie Louise A. Newsome, Deceased are the
Respondents.
 
 
 

Appeal From Darlington County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No.  2007-UP-064
Submitted February 1, 2007  Filed February 12, 2007

AFFIRMED

 
 
 
Walter B. Todd, Jr. and J. Derrick Jackson, both of Columbia, for Appellant.
David Craig Brown, Hugh L. Wilcox, Jr. and Lawrence B. Orr, all of Florence, for Respondents.
 
 
 

PER CURIAM:  Kenneth Amerson, as the personal representative of Sallie Newsomes estate, appeals the circuit courts order granting Gena Ervin, Cely Reynolds, and Christine Tolsons motion for summary judgment.  We affirm[1] pursuant to Rule 220(b)(2), SCACR and the following authorities: Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (Under the doctrine of res judicata, [a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.) (quoting Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Commn of S.C., 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)); Sub-Zero Freezer Co. v. R.J. Clarkson Co., 308 S.C. 188, 190-91, 417 S.E.2d 569, 571 (1992) (Res judicata bars subsequent suit by the same parties on the same issues[;] [r]es judicata also bars subsequent suit by the same parties when the claims arise out of the same transaction or occurrence that is the subject of the prior suit between those parties.); Hilton Head Ctr. of S.C., Inc., 294 S.C. at 11, 362 S.E.2d at 177 (Res judicata applies where there is identity of parties, identity of subject matter, and an adjudication of the issue in the former suit.).
AFFIRMED.
ANDERSON, KITTREDGE and SHORT, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.