THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Madeleine R.
 Arata and Kenneth C. Arata, Appellants,
 
 
 

v.

 
 
 
 Village West
 Owners' Association, Inc. d/b/a Village West Horizontal Property Regime, Respondent.
 
 
 

Appeal From Beaufort County
Marvin H. Dukes, Master-in-Equity

Unpublished Opinion No. 2011-UP-360
 Submitted April 1, 2011  Filed June 30,
2011    

REVERSED AND REMANDED

 
 
 
 Jack D. Simrill, of Hilton Head Island,
 for Appellants.
 Brian Charles Pitts, of Hilton Head
 Island, for Respondent.
 
 
 
 

PER CURIAM: Madeleine
 and Kenneth Arata (the Aratas) filed this action against Village West Owners'
 Association, Inc. d/b/a Village West Horizontal Property Regime (the Regime) to
 set aside judgment under Rule 60, SCRCP.  The Aratas appealed from the
 master-in-equity's order granting the Regime's motion to dismiss.  We reverse
 and remand.[1]
FACTS[2]
The Aratas own a unit in the
 Spinnaker Building in the Regime.  In March 2005, the Regime filed a complaint
 against the Aratas for failure to pay an assessment.  The Aratas answered,
 admitting they did not pay the assessment.  However, they averred the
 Regime's By-Laws prevented the Regime from collecting the assessment.  The
 Aratas requested an accounting of settlement proceeds from a lawsuit involving
 construction defects in the Spinnaker building, one of the buildings in the
 Regime.  
The Regime moved for summary
 judgment, explaining it initiated two lawsuits from 1994 to 1997.  The
 first suit involved construction-related defects in the Spinnaker
 building.  This lawsuit settled for $300,000.  The second lawsuit
 involved construction-related defects in the other four buildings within the
 Regime.  The second lawsuit settled for $7 million.  According to the
 Regime, the total recovery from these suits did not cover the entire expense of
 repairing the buildings.  As a result, the Regime's board assessed all of
 the unit owners according to their percentage of ownership in the Regime. 
 The Aratas refused to pay this assessment.   
The Aratas opposed the motion
 for summary judgment, arguing the second lawsuit, relating to defects in all of
 the Regime's buildings except the Spinnaker building, resulted in a deficiency.
  The Aratas contended the Regime improperly levied the assessment to cover the
 deficiency as to those buildings only.  Furthermore, they argued the
 Regime's By-Laws prohibited such an assessment. 
The circuit court granted
 summary judgment to the Regime.  The Aratas appealed.  In an opinion filed
 January 2007, this court affirmed, finding the Regime's By-Laws and statutory
 authority permitted a pro-rata assessment.  On August 24, 2007, while the
 Aratas' petition for certiorari to the supreme court was pending, the Regime's
 attorney notified the Aratas' attorney that he had a box of records relevant to
 Arata 1 "that once was believed to have been lost."  These records were
 not disclosed during the pendency of the action in the circuit court. 
On January 6, 2009, the
 Aratas filed this action alleging fraud, seeking an accounting, and requesting that
 the judgment be set aside under Rule 60, SCRCP.  The Aratas alleged the
 Regime's attorney in Arata 1 fraudulently concealed the records.  The Regime
 filed a motion to dismiss under Rule 12(b)(6) or for judgment on the pleadings
 under Rule 12(c), SCRCP, arguing res judicata prevented the re-litigation of
 the issues.  The master granted the motion, finding res judicata applied.[3] 
 This appeal follows. 
STANDARD OF REVIEW
An appellate court applies
 the same standard of review as the trial court when reviewing the dismissal of
 an action pursuant to Rule 12(b)(6) or Rule 12(c), SCRCP.  See Doe v.
 Marion, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) (discussing the standard
 of review of a motion to dismiss under Rule 12(b)(6), SCRCP); Hambrick v.
 GMAC Mortg. Corp., 370 S.C. 118, 122, 634 S.E.2d 5, 7 (Ct. App. 2006)
 (discussing the standard of review of a motion for judgment on the pleadings). 
 A ruling on a Rule 12(b)(6) motion must be based solely on the allegations set
 forth on the face of the complaint.  Toussaint v. Ham, 292 S.C. 415,
 416, 357 S.E.2d 8, 9 (1987).  When considering a motion for judgment on the
 pleadings under Rule 12(c), SCRCP, the court must regard all properly pleaded factual allegations as admitted.  Falk v. Sadler,
 341 S.C. 281, 286-87, 533 S.E.2d 350, 353 (Ct. App. 2000).   

LAW/ANALYSIS
I.  Res Judicata
The Aratas argue the master
 erred in dismissing their complaint based on the doctrine of res judicata.  We
 agree. 
"Res judicata bars subsequent actions by the same parties when the claims arise out of
 the same transaction or occurrence that was the subject of a prior action between those parties."  Judy v. Judy,
 Op. No. 26987 (S.C. Sup. Ct. filed June 20, 2011) (Shearouse Adv. Sh. No. 20 at
 14, 24) (quoting Plum Creek Dev. Co. v. City of Conway, 334 S.C. 30, 34,
 512 S.E.2d 106, 109 (1999)).  If res judicata applies, a litigant is barred
 from raising any issues which were or might have been adjudicated in the former
 suit.  Id.  To establish res judicata, the defendant must prove three
 elements: "(1) identity of the parties; (2) identity of the subject
 matter; and (3) adjudication of the issue in the former suit."  Id. at 19 (citing Riedman Corp. v. Greenville Steel Structures, Inc., 308
 S.C. 467, 419 S.E.2d 217 (1992)).  
Without the Aratas' allegation
 of extrinsic fraud amounting to fraud on the court, the Regime is clearly
 entitled to the defense of res judicata, as found by the master.  The doctrine
 of res judicata, however, does not bar collateral attack of a judgment based on
 extrinsic fraud.  Aaron, 381 S.C. at 592-93, 674 S.E.2d at 486.  Our
 supreme court reiterated the
 rule that extrinsic fraud is necessary to set aside a judgment based on fraud
 in Chewning v. Ford Motor Company,
 354 S.C. 72, 80, 579 S.E.2d 605, 610 (2003).  The court explained the difference between intrinsic and
 extrinsic fraud:   

 Extrinsic
 fraud is "fraud that induces a person not to present a case or deprives a
 person of the opportunity to be heard.  Relief is granted for extrinsic fraud
 on the theory that because the fraud prevented a party from fully exhibiting
 and trying his case, there has never been a real contest before the court on
 the subject matter of the action." 
 Intrinsic
 fraud, on the other hand, is fraud which was presented and considered in the
 trial.  It is fraud which misleads a court in determining issues and induces
 the court to find for the party perpetrating the fraud. 

 Id. at 81, 579 S.E.2d at 610 (quoting Hilton
 Head Ctr. of S.C. v. Pub. Serv. Comm'n, 294 S.C. 9, 11, 362 S.E.2d 176, 177
 (1987)).  Perjury by a party or a witness, use of forged documents, or failure
 to disclose documents by a party or witness are examples of intrinsic fraud.  Id.; Raby Constr., L.L.P. v. Orr, 358 S.C. 10, 21 n.5, 594 S.E.2d 478, 483
 n.5 (2004).  However, the subornation of perjury by an attorney and/or the
 intentional concealment of documents by an attorney are actions which
 constitute extrinsic fraud amounting to fraud on the court.  Chewning,
 354 S.C. at 82-84, 579 S.E.2d at 610-11.  Any claim of fraud on the court must
 be accompanied by particularized allegations.  Id. at 86, 579 S.E.2d at
 613.
Here, the Aratas allege the
 Regime's then attorney made fraudulent representations and concealed the lost
 records.  In their complaint, the Aratas allege the Regime's attorney "had
 a box of records crammed in a banker's box . . . which had not been disclosed .
 . . ."  The Aratas further maintain the attorney, "[b]oth in the
 prosecution of the case in the lower court and on appeal in the Court of
 Appeals," made representations that were "false, material, known to
 have been false when made, [and] made with the intention that it be acted upon
 by the Aratas . . . ."  The trial court found these were not allegations
 of extrinsic fraud.  The court stated: "This is not a case where an
 attorney embarked on a scheme to either suborn perjury or intentionally conceal[]
 documents, which, as the Supreme Court indicated in Chewning . . . would
 constitute extrinsic fraud." 
With the greatest respect for
 the learned master's conclusion, we find the Aratas' complaint does allege
 extrinsic fraud amounting to fraud on the court.  Thus, res judicata does not
 bar collateral attack of the Arata 1 judgment.  Accordingly, we reverse the
 master's grant of the motion to dismiss based on res judicata.   

II.  Timeliness of Motion to Set
 Aside Judgment
The
 Regime argues this court should affirm the master's order on the additional
 sustaining ground that the motion for relief from judgment was not made within
 the one-year time limit required under Rule 60(b), SCRCP.  We disagree.
Rule 60(b), SCRCP, reads: 
 "On motion . . . the court may relieve a party . . .
 from a final judgment, order, or proceeding for the following reasons: (1) mistake,
 inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . .
 . ; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4)
 the judgment is void; (5) the judgment has been satisfied . . . ."  Rule
 60(b), SCRCP.  The rule
 continues, stating: "The motion shall be made within
 a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or
 taken."  Id.  Rule 60(b) also provides:
 "This rule does not limit the power of a court to entertain an independent
 action to relieve a party from a judgment, order, or proceeding, or to set
 aside a judgment for fraud upon the court."  Id.  
The Aratas did not file this
 action until January 6, 2009, well beyond the one-year time required under Rule
 60(b)(1)-(3).  The Aratas, however, argue their action is timely because it is
 based on the authority granted in Rule 60(b) allowing an independent action,
 not subject to the one-year limitation, for fraud on the court, or under the
 authority in Rule 60 to hear an independent action for exceptional
 circumstances warranting equitable relief.  See Mr. T. v. Ms. T.,
 378 S.C. 127, 135, 662 S.E.2d 413, 417 (Ct. App. 2008) (stating Rule 60 permits
 these two potential independent attacks on a judgment).  Our supreme court has explained that while in most circumstances
 there is a time limitation on a party seeking to reopen a final judgment, there
 is no limit when a party seeks to set aside a judgment due to fraud on the
 court.  Chewning, 354 S.C. at 80,
 579 S.E.2d at 609-10.  
We find the
 action to set aside the Arata 1 judgment was timely filed because it alleged fraud
 on the court.  Therefore, it was not subject to the one-year time limitation of
 Rule 60(b)(3), SCRCP.  

III.   Other Issues
The Aratas argue numerous
 other issues including the merits of their allegations of fraud, damages, and
 attorney's fees.  We find the appeal of these issues to be premature and,
 therefore, remand them to the master.  See Widman v. Widman, 348
 S.C. 97, 125, 557 S.E.2d 693, 708 (Ct. App. 2001) (finding an issue on appeal
 premature and remanding to the family court).
CONCLUSION
We reverse the master's order
 granting the Regime's motion to dismiss and remand for further proceedings in
 accordance with this opinion. 
REVERSED AND REMANDED.
HUFF, SHORT and PIEPER,
 JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.  
[2] The background facts are taken from Village West
 Horizontal Property Regime v. Arata, Op. No. 2007-UP-015 (S.C. Ct. App.
 filed Jan. 11, 2007), cert. denied, Oct. 31, 2007.  We reference that case
 as "Arata 1."
[3] The master found the Regime's motion "was not
 directed at the cause of action for an accounting and it remains unaffected by
 this Order."